UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AMTAX HOLDINGS 2001-VV, LLC, | * | CIVIL ACTION |
| AMTAX HOLDINGS 248, LLC, | * | NO. 2:14-cv-02652 |
| AMTAX HOLDINGS 2001-UU, LLC, | * | |
| AMTAX HOLDINGS 249, LLC, | * | |
| AMTAX HOLDINGS 250, LLC, | * | |
| | * | SECTION "N" |
| Plaintiffs, | * | JUDGE ENGELHARDT |
| | * | |
| v. | * | |
| | * | MAG. DIV. (1) |
| WARREN HOMES, LLC, | * | MAG. JUDGE SHUSHAN |
| VICTOR S. LORASO, JR. | * | |
| RENE C. CRESCIONIE, SR. | * | |
| CANARY HOMES, LLC, | * | |
| HNASKO HOLDING COMPANY, INC., | * | |
| ROBIN HOMES, LLC, | * | |
| SMITH SQUARE, LLC, | * | |
| V. RAY ROSE, | * | |
| SUMMIT APARTMENT MANAGEMENT | * | |
| COMPANY, INC., | * | |
| MICHAEL R. PERALTA, | * | |
| | * | |
| Defendants. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**ANSWER WITH AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS**

NOW INTO COURT, through undersigned counsel, come purported Defendants, Warren

Homes, LLC, Victor S. Loraso, Jr., Rene C. Crescione, Sr., Canary Homes, LLC, Hnasko Holding

Company, Inc., Robin Homes, LLC, Smith Square, LLC, V. Ray Rose, Summit Apartment

Management Company, Inc., and Michael R. Peralta (collectively, the "Defendants"), who respond

to the Complaint for Damages, Declaratory Judgment, and Preliminary and Permanent Injunctive

Relief, [Rec. Doc. 1], brought by Plaintiffs, AMTAX Holdings 2001-VV, LLC, AMTAX Holdings

1

248, LLC, AMTAX Holdings 2001-UU, LLC, AMTAX Holdings 249, LLC, and AMTAX Holdings 250, LLC, (collectively, the "Plaintiffs"), as follows:

## ANSWER

### INTRODUCTORY STATEMENT

The Introductory Statement is written in paragraph form and purports to summarize the allegations being made against these Defendants.  Said Introductory Statement contains various inaccurate statements, and thus is denied in its entirety by Defendants.

## I. PARTIES

### 1.

Paragraph 1 does not contain any allegations against Defendants, and thus technically does not require a response from these Defendants.  However, out of an abundance of caution, as Paragraph 1 purports to establish the status of Plaintiffs, said assertions are denied for lack of sufficient information to justify a belief therein.  Plaintiffs have not disclosed who are the members of the AMTAX entities and hence there is no way for defendants to know whether the allegation that none are citizens of Louisiana are true or not.

### 2.

The allegations contained within Paragraph 2, insofar as they purport to establish the status of Warren Homes, LLC are admitted.

### 3.

The allegations contained within Paragraph 3 are admitted.

### 4.

The allegations contained within Paragraph 4 are admitted.

**5.**

The allegations contained within Paragraph 5, insofar as they purport to establish the status of Canary Homes, LLC are admitted.

**6.**

The allegations contained within Paragraph 6, insofar as they purport to establish the status of Hnasko Holding Company, Inc. are admitted.

**7.**

The allegations contained within Paragraph 7, insofar as they purport to establish the status of Robin Homes, LLC are admitted.

**8.**

The allegations contained within Paragraph 8, insofar as they purport to establish the status of Smith Square, LLC are admitted.

**9.**

The allegations contained within Paragraph 9 are admitted.

**10.**

The allegations contained within Paragraph 10, insofar as they purport to establish the status of Summit Apartment Management Company, Inc. are admitted.

**11.**

The allegations contained within Paragraph 11 are admitted.

**12.**

Paragraph 12 does not contain any allegations against Defendants, and thus technically does not require a response from these Defendants.  However, out of an abundance of caution, as Paragraph 12 purports to establish the status of Plaintiffs, said assertions are denied for lack of

sufficient information to justify a belief therein.  Since the Plaintiffs have not identified the members of the AMTAX Entities there is no way for defendants to evaluate the truth of the statement that there is complete diversity of citizenship.  Defendants therefore specifically deny that there is complete diversity of citizenship.

## II.  JURISDICTION AND VENUE

### 13.

Paragraph 13 does not contain any allegations against Defendants, and thus technically does not require a response from these Defendants.  However, Defendants deny that there was just cause or any sufficient cause to remove them as General Partners under the partnership agreements.

### 14.

Defendants specifically deny that this Court has jurisdiction over this matter, as Plaintiffs have not revealed who or what are the members of the Plaintiff, AMTAX Entities.  Plaintiffs have also refused to reveal the real party in interest being some affiliate(s) of the Hunt Companies, Inc. These real parties in interest are the non-member managers of each of the AMTAX Entities, but Plaintiffs have kept their identities secret.  Such failure and refusal is inconsistent with orders and directives of the Court made at the TRO Conference on November 21, 2014.   Defendants deny that Plaintiffs have suffered any damages or loss, and rather it is the Defendants who have been severely damaged by the actions of Plaintiffs in purporting to remove them as general partners of the Louisiana limited partnerships that own significant real estate in Louisiana.

### 15.

Defendants admit that venue is proper in this Court.

**16.**

Defendants deny as written the allegations of Paragraph 16 and state that the referenced agreements are the best evidence of their contents and the covenants, obligations, and agreements between the partners.

### III.   FACTUAL BACKGROUND

**17.**

Defendants deny as written the allegations of Paragraph 17 and state that the partnership agreements are the best evidence of the purpose of the formation of the partnerships.  Defendants further state that there was/is no just cause for any removal of Defendant, Summit, as the management company for each of the partnerships.

### A.   Ames Gardens

**18.**

Paragraph 18 does not contain any allegations against Defendants, and thus technically does not require a response from these Defendants.  However, out of an abundance of caution, Defendants deny as written the allegations of Paragraph 18 and state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreements between the partners.

**19.**

The allegations contained within Paragraph 19 are denied as written and Defendants state that the financial statements of the partnership is the best evidence of the capital contributions of the partners.

**20.**

The allegations contained within Paragraph 20 are denied as written and Defendants state that the partnership agreement is the best evidence of the purpose of the formation of the partnership.

**21.**

The allegations contained within Paragraph 21 are denied as written, and Defendants state that the best evidence of the allocation of tax credits are the applicable federal and state laws and regulations.

**22.**

The allegations contained within Paragraph 22 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreement between the partners.

**23.**

Paragraph 23 does not contain any allegations against Defendants, and thus technically does not require a response from these Defendants.  However, out of an abundance of caution, Defendants deny as written the allegations of Paragraph 23 and state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreements between the partners.

**24.**

The allegations contained within Paragraph 24 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreement between the partners.

**25.**

The allegations contained within Paragraph 25 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreement between the partners.

**26.**

The allegations contained within Paragraph 26 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreement between the partners.

**27.**

The allegations contained within Paragraph 27 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreement between the partners.

**28.**

The allegations contained within Paragraph 28 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, liabilities, and agreement between the partners.

**29.**

The allegations contained within Paragraph 29 are denied, except to admit that certain advances may have been made for the benefit of the partnership and in compliance with the custom and practice of the partnership.

**30.**

The allegations contained within Paragraph 30 are denied, except to admit that certain advances may have been accepted for the benefit of the partnership and in compliance with the custom and practice of the partnership.

**31.**

The allegations contained within Paragraph 31 are denied as written and states that the "notice" is the best evidence of what it states.

**32.**

The allegations contained within Paragraph 32 are denied.

**33.**

The allegations contained within Paragraph 33 are denied as written.

**34.**

The allegations contained within Paragraph 34 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, liabilities, and agreement between the partners.

**B.    Canary Homes**

**35.**

Paragraph 35 does not contain any allegations against Defendants, and thus technically does not require a response from these Defendants.  However, out of an abundance of caution, Defendants deny as written the allegations of Paragraph 35 and state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreements between the partners.

8

**36.**

The allegations contained within Paragraph 36 are denied as written and Defendants state that the financial statements of the partnership is the best evidence of the capital contributions of the partners.

**37.**

The allegations contained within Paragraph 37 are denied as written and Defendants state that the partnership agreement is the best evidence of the purpose of the formation of the partnership.

**38.**

The allegations contained within Paragraph 38 are denied as written, and Defendants state that the best evidence of the allocation of tax credits are the applicable federal and state laws and regulations.

**39.**

The allegations contained within Paragraph 39 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreement between the partners.

**40.**

Paragraph 40 does not contain any allegations against Defendants, and thus technically does not require a response from these Defendants.  However, out of an abundance of caution, Defendants deny as written the allegations of Paragraph 40 and state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreements between the partners.

**41.**

The allegations contained within Paragraph 41 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreement between the partners.

**42.**

The allegations contained within Paragraph 42 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreement between the partners.

**43.**

The allegations contained within Paragraph 43 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreement between the partners.

**44.**

The allegations contained within Paragraph 44 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreement between the partners.

**45.**

The allegations contained within Paragraph 45 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, liabilities, and agreement between the partners.

**46.**

The allegations contained within Paragraph 46 are denied, except to admit that certain advances may have been made for the benefit of the partnership and in compliance with the custom and practice of the partnership.

**47.**

The allegations contained within Paragraph 47 are denied, except to admit that certain indebtedness may have been incurred for the benefit of the partnership and in compliance with the custom and practice of the partnership.

**48.**

The allegations contained within Paragraph 48 are denied as written.

**49.**

The allegations contained within Paragraph 49 are denied.

**50.**

The allegations contained within Paragraph 50 are denied as written.

**51.**

The allegations contained within Paragraph 51 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, liabilities, and agreement between the partners.

**C.   Hnasko Homes**

**52.**

Paragraph 52 does not contain any allegations against Defendants, and thus technically does not require a response from these Defendants.  However, out of an abundance of caution,

Defendants deny as written the allegations of Paragraph 52 and state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreements between the partners.

**53.**

The allegations contained within Paragraph 53 are denied as written and Defendants state that the financial statements of the partnership is the best evidence of the capital contributions of the partners.

**54.**

The allegations contained within Paragraph 54 are denied as written and Defendants state that the partnership agreement is the best evidence of the purpose of the formation of the partnership.

**55.**

The allegations contained within Paragraph 55 are denied as written, and Defendants state that the best evidence of the allocation of tax credits are the applicable federal and state laws and regulations.

**56.**

The allegations contained within Paragraph 56 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreement between the partners.

**57.**

Paragraph 57 does not contain any allegations against Defendants, and thus technically does not require a response from these Defendants.  However, out of an abundance of caution, Defendants deny as written the allegations of Paragraph 57 and state that the referenced agreement

is the best evidence of its contents and the covenants, obligations, rights, and agreements between the partners.

**58.**

The allegations contained within Paragraph 58 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreement between the partners.

**59.**

The allegations contained within Paragraph 59 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreement between the partners.

**60.**

The allegations contained within Paragraph 60 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreement between the partners.

**61.**

The allegations contained within Paragraph 61 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreement between the partners.

**62.**

The allegations contained within Paragraph 62 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, liabilities, and agreement between the partners.

**63.**

The allegations contained within Paragraph 63 are denied, except to admit that certain advances may have been made for the benefit of the partnership and in compliance with the custom and practice of the partnership.

**64.**

The allegations contained within Paragraph 64 are denied, except to admit that certain indebtedness may have been incurred for the benefit of the partnership and in compliance with the custom and practice of the partnership.

**65.**

The allegations contained within Paragraph 65 are denied as written.

**66.**

The allegations contained within Paragraph 66 are denied, and states that the alleged notice is the best evidence of what it purports to state.

**67.**

The allegation contained within Paragraph 67 are denied.

**68.**

The allegations contained within Paragraph 68 are denied as written.

**69.**

The allegations contained within Paragraph 69 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, liabilities, and agreement between the partners.

**D.**   **Robin Homes**

**70.**

Paragraph 70 does not contain any allegations against Defendants, and thus technically does not require a response from these Defendants.  However, out of an abundance of caution, Defendants deny as written the allegations of Paragraph 70 and state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreements between the partners.

**71.**

The allegations contained within Paragraph 71 are denied as written and Defendants state that the financial statements of the partnership is the best evidence of the capital contributions of the partners.

**72.**

The allegations contained within Paragraph 72 are denied as written and Defendants state that the partnership agreement is the best evidence of the purpose of the formation of the partnership.

**73.**

The allegations contained within Paragraph 73 are denied as written, and Defendants state that the best evidence of the allocation of tax credits are the applicable federal and state laws and regulations.

**74.**

The allegations contained within Paragraph 74 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreement between the partners.

**75.**

Paragraph 75 does not contain any allegations against Defendants, and thus technically does not require a response from these Defendants.  However, out of an abundance of caution, Defendants deny as written the allegations of Paragraph 75 and state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreements between the partners.

**76.**

The allegations contained within Paragraph 76 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreement between the partners.

**77.**

The allegations contained within Paragraph 77 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreement between the partners.

**78.**

The allegations contained within Paragraph 78 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreement between the partners.

**79.**

The allegations contained within Paragraph 79 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreement between the partners.

**80.**

The allegations contained within Paragraph 80 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, liabilities, and agreement between the partners.

**81.**

The allegations contained within Paragraph 81 are denied, except to admit that certain advances may have been made for the benefit of the partnership and in compliance with the custom and practice of the partnership.

**82.**

The allegations contained within Paragraph 64 are denied, except to admit that certain indebtedness may have been incurred for the benefit of the partnership and in compliance with the custom and practice of the partnership.

**83.**

The allegations contained within Paragraph 83 are denied as written.

**84.**

The allegations contained within Paragraph 84 are denied as written and Defendants state that the purported notice is the best evidence of what it states.

**85.**

The allegations contained within Paragraph 85 are denied.

**86.**

The allegations contained within Paragraph 86 are denied as written.

**87.**

The allegations contained within Paragraph 87 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreement between the partners.

**E.    Smith Square**

**88.**

Paragraph 88 does not contain any allegations against Defendants, and thus technically does not require a response from these Defendants.  However, out of an abundance of caution, Defendants deny as written the allegations of Paragraph 88 and state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreements between the partners.

**89.**

The allegations contained within Paragraph 89 are denied as written and state that the financial statements of the partnership is the best evidence of the capital contributions of the partners.

**90.**

The allegations contained within Paragraph 90 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreement between the partners.

**91.**

The allegations contained within Paragraph 91 are denied as written, and Defendants state that the best evidence of the allocation of tax credits are the applicable federal and state laws and regulations.

**92.**

The allegations contained within Paragraph 92 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreement between the partners.

**93.**

The allegations contained within Paragraph 93 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreement between the partners.

**94.**

The allegations contained within Paragraph 94 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreement between the partners.

**95.**

The allegations contained within Paragraph 95 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreement between the partners.

**96.**

The allegations contained within Paragraph 96 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreement between the partners.

**97.**

The allegations contained within Paragraph 97 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreement between the partners.

**98.**

The allegations contained within Paragraph 98 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, liabilities, and agreement between the partners.

**99.**

The allegations contained within Paragraph 99 are denied, except to admit that certain advances may have been made for the benefit of the partnership and in compliance with the custom and practice of the partnership.

**100.**

The allegations contained within Paragraph 100 are denied as written.

**101.**

The allegations contained within Paragraph 101 are denied as written and Defendants state that the purported notice is the best evidence of what it states.

**102.**

The allegations contained within Paragraph 102 are denied.

**103.**

The allegations contained within Paragraph 103 are denied as written.

**104.**

The allegations contained within Paragraph 104 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreement between the partners.

### F.  Subsequent Defaults

**105.**

The allegations contained within Paragraph 105 are denied.

**106.**

The allegations contained within Paragraph 106 are denied.

**107.**

The allegations contained within Paragraph 107 are denied.

**108.**

The allegations contained within Paragraph 108 are denied for lack of information sufficient to justify a belief therein.

### IV.  BREACH OF PARTNERSHIP AGREEMENTS BY THE ROSE ENTITIES

**109.**

The allegations contained within Paragraph 109 are denied.

**110.**

The allegations contained within Paragraph 110 are denied.

**111.**

The allegations contained within Paragraph 111 are denied.

**112.**

The allegations contained within Paragraph 112 are denied.

**113.**

The allegations contained within Paragraph 113 are denied as written and Defendants state that the partnership agreements are the best evidence of the contents and the covenants, obligations, rights, and agreement between the partners.

**114.**

The allegations contained within Paragraph 114 are denied.

**115.**

The allegations contained within Paragraph 115 are denied.

**116.**

The allegations contained within Paragraph 116 are denied.

**V.     BREACH OF FIDUCIARY DUTY BY THE ROSE ENTITIES**

**117.**

The allegations contained within Paragraph 117 are denied.

**118.**

The allegations contained within Paragraph 118 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreement between the partners.

**119.**

The allegations contained within Paragraph 119 are denied.

**120.**

The allegations contained within Paragraph 120 are denied.

**121.**

The allegations contained within Paragraph 121 are denied.

**122.**

The allegations contained within Paragraph 122 are denied.

**123.**

The allegations contained within Paragraph 123 are denied.

**124.**

The allegations contained within Paragraph 124 are denied.

VI.     DECLARATORY RELIEF AGAINST THE DEFENDANTS

**125.**

The allegations contained within Paragraph 125 are denied.

**126.**

The allegations contained within Paragraph 126 are denied as written, and Defendants state that the referenced agreement is the best evidence of its contents and the covenants, obligations, rights, and agreement between the partners.

**127.**

The allegations contained within Paragraph 127 are denied.

VII.     CONVERSION BY THE ROSE ENTITIES, SUMMIT, AND MR. PERALTA

**128.**

The allegations contained within Paragraph 128 are denied.

**129.**

The allegations contained within Paragraph 129 are denied.

**130.**

The allegations contained within Paragraph 130 are denied.

**131.**

The allegations contained within Paragraph 131 are denied.

**VIII.**   **TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS AGAINST MR. ROSE AND MR. PERALTA**

**132.**

The allegations contained within Paragraph 132 are denied.

**133.**

Defendants admit the status of Mr. Rose and Mr. Peralta.

**134.**

The allegations contained within Paragraph 134 are denied as written.

**135.**

The allegations contained within Paragraph 135 are denied as written, and Defendants state that the referenced agreements are the best evidence of their contents and the covenants, obligations, rights, and agreement between the partners.

**136.**

The allegations contained within Paragraph 136 are denied as written, and Defendants state that the referenced agreements are the best evidence of their contents and the covenants, obligations, rights, and agreement between the partners.

**137.**

The allegations contained within Paragraph 137 are denied.

**138.**

The allegations contained within Paragraph 138 are denied.

**139.**

The allegations contained within Paragraph 139 are denied.

**140.**

The allegations contained within Paragraph 140 are denied.

**141.**

The allegations contained within Paragraph 141 are denied.

**142.**

The allegations contained within Paragraph 142 are denied.

**IX.   ENFORCEMENT OF PERSONAL GUARANTIES AGAINST MR. ROSE**

**143.**

The allegations contained within Paragraph 143 are denied.

**144.**

Defendants admit that Mr. Rose is an adult individual and citizen of Louisiana.

**145.**

The allegations contained within Paragraph 145 are denied as written, and Defendants state that the referenced agreements are the best evidence of their contents and the covenants, obligations, rights, and agreements made by Mr. Rose, but they deny the validity and enforceability of those agreements and they deny that the agreements impose obligations on Mr. Rose as claimed by the Plaintiffs.

**146.**

The allegations contained within Paragraph 146 are denied as written, and Defendants state that the referenced agreements are the best evidence of their contents and the covenants, obligations, rights, and agreements made between the parties, if any.

**147.**

The allegations contained within Paragraph 147 are denied as written.

**X.      PERMANENT INJUNCTIVE RELIEF AGAINST THE DEFENDANTS**

**148.**

The allegations contained within Paragraph 148 are denied.

**149.**

The allegations contained within Paragraph 149 are denied as written.

**150.**

The allegations contained within Paragraph 150 are denied as written.

**151.**

The allegations contained within Paragraph 145 are denied as written, and Defendants state that the referenced agreements are the best evidence of their contents and the covenants, obligations, rights, and agreements made by and between the parties.

**XI.      CONTEMPORANEOUS FILING OF MOTION FOR INJUNCTIVE RELIEF**

**152.**

The allegations contained within Paragraph 152 are denied.

**153.**

Defendants deny each and every allegation of the Complaint not heretofore specifically admitted.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint for Damages, Declaratory Judgment, and Preliminary and Permanent Injunctive Relief fails to state a cause of action on which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the Complaint for Damages, Declaratory Judgment, and Preliminary and Permanent Injunctive Relief are barred by applicable statutes of limitation, prescriptive and peremptive periods and contractual time limitation provisions.

### THIRD AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the Complaint for Damages, Declaratory Judgment, and Preliminary and Permanent Injunctive Relief are barred under the doctrines of waiver, ratification, and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the Complaint for Damages, Declaratory Judgment, and Preliminary and Permanent Injunctive Relief are barred by the principle of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Defendants at all times complied with the applicable laws, regulations, and standards, including the applicable Louisiana Civil Code articles governing partnerships.

### SIXTH AFFIRMATIVE DEFENSE

The rights, obligations, and duties of Defendants are exclusively defined by the applicable Agreements executed by the parties and in the custom and practice as implied amendments to the applicable Partnership Agreements.

## SEVENTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted by Plaintiffs are barred, in whole or in part, because all actions of Defendants were privileged exercises of the legal and/or contractual rights of Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants did not breach any duties owed to Plaintiffs, including any duties imposed on Defendants in the Agreements or by law.

## NINTH AFFIRMATIVE DEFENSE

Defendants at all times acted with due care, diligence, in good faith, and without malice.

## TENTH AFFIRMATIVE DEFENSE

Some of or all of the claims asserted against Plaintiffs are preempted or otherwise precluded by statute, regulation, or any applicable agreements.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have sustained no damages proximately caused by Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

No act or omission of Defendants was a cause-in-fact of any of Plaintiffs' alleged damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their alleged damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

The damages alleged by Plaintiffs are the result of their own fault and/or the fault of others whose conduct Defendants are not responsible.

## FIFTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted by Plaintiffs are barred in whole or in part by the doctrine of Unjust Enrichment.

## SIXTEENTH AFFIRMATIVE DEFENSE

The claims and alleged defaults asserted by Plaintiffs are barred by the doctrines of accord, satisfaction, and/or have been cured.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that Defendants' conduct breached any supposed duties to Plaintiffs , which is specifically denied, said conduct was the result of Defendants' fulfillment of their duties and obligations to the partnerships of which the Plaintiffs are partners.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants cannot be held liable for any misrepresentations or omissions of any other person or party.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim for breach of fiduciary duty under applicable law. Defendants, at all times, acted in good faith, and complied with and fulfilled the terms and conditions set forth in the Agreements.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim for or basis for recovery of attorneys' fees.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs should be dismissed or, alternatively, their damages (the existence of which damages is denied) should be reduced due to failure of conditions precedent.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Any damages awardable to Plaintiffs, the existence of which is denied, are limited by any limitation of liability clauses contained in the Agreements.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

On information and belief, the Plaintiffs identified have not authorized this litigation to be filed.  Though Defendants have asked Plaintiffs to produce copies of documents showing their authority to commence this litigation they have failed and refused to do so. Such failure and refusal is inconsistent with orders and directives of the Court made at the TRO Conference on November 21, 2014.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The real party in interest that filed this litigation has not been identified in Plaintiffs' Complaint, and based upon a review of such records as defendants were able to obtain from sources other than plaintiffs, the real party(ies)  in interest is one or more affiliates of the Hunt Companies, Inc. or Hunt Capital Partners which affiliate is a non-member manager of each of the AMTAX Entities.  However, the plaintiffs have failed and refused to identify the real party in interest, and it has not been identified in the Complaint as such.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

On information and belief, the members of each of the Plaintiff Ohio limited liability companies have not authorized the filing of this litigation.  Defendants have sought from plaintiffs the authority they relied on to file the litigation, but the Plaintiffs have failed and refused to provide the authority to file this litigation.  Such failure and refusal is inconsistent with orders and directives of the Court made at the TRO Conference on November 21, 2014.

30

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

On information and belief, a majority in interest of the members of each of the Plaintiff Ohio limited liability companies did not vote to commence this litigation, and the members have not granted authority to counsel for the AMTAX Entities to file this litigation.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert additional affirmative defenses that are established through discovery.

**WHEREFORE**, after due proceedings, Defendants pray that the Complaint for Damages, Declaratory Judgment, and Preliminary and Permanent Injunctive Relief be dismissed with prejudice at Plaintiffs cost and for all other relief to which Defendants may be entitled.

## COUNTER-CLAIMS

AND NOW, ASSUMING THE ROLE OF COUNTER-CLAIM PLAINTIFFS, come the Defendants, Warren Homes, LLC, Victor S. Loraso, Jr., Rene C. Crescione, Sr., Canary Homes, LLC, Hnasko Holding Company, Inc., Robin Homes, LLC, Smith Square, LLC, V. Ray Rose, Summit Apartment Management Company, Inc., and Michael R. Peralta (collectively, the "Counter-Claim Plaintiffs"), who aver as follows:

### Jurisdiction and Venue

1.

This Court has jurisdiction and venue over these Counterclaims pursuant to 28 U.S.C. § 1367(a) and 1332 because the case in controversy exceeds $75,000.00.  Additionally, the claims made herein are brought pursuant to Federal Rule of Civil Procedure 13(a).

1a.

Venue is proper as the Counterclaims are compulsory Counterclaims filed pursuant to Federal Rule of Civil Procedure 13(a).

**The Parties**

**The Counterclaim Plaintiffs**

2.

The Counterclaim Plaintiffs are as follows:

(A)    Warren Homes, LLC, is a Louisiana limited liability company with its principal place of business in Louisiana.

(B)    Victor Loraso, Jr., is a person of the full age of majority domiciled in and a resident of the State of Louisiana.

(C)    Rene C. Crescionie, Sr., is a person of the full age of majority domiciled in and a resident of the State of Louisiana.

(D)    Canary Homes, LLC, is a Louisiana limited liability company with its principal place of business in Louisiana.

(E)    Hnasko Holding Company, is a Louisiana limited liability company with its principal place of business in Louisiana.

(F)    Robin Homes, LLC, is a Louisiana limited liability company with its principal place of business in Louisiana.

(G)    Smith Square, LLC is a Louisiana limited liability company with its principal place of business in Louisiana.

(H)     V. Ray Rose is a person of the full age of majority domiciled in and a resident of

        the State of Louisiana.

(I)     Summit Apartment Management Company, Inc. Is a Louisiana corporation with

        its principal place of business in Louisiana.

(J)     Michael R. Peralta is a person of the full age of majority domiciled in and a

        resident of the State of Louisiana.

**The Counterclaim Defendants**

3.

Made Counterclaim Defendants herein are:

(A)     AMTAX Holdings 2001-VV, LLC, is an Ohio limited liability company, but its

        principal place of business is unknown to the Counterclaim Plaintiffs as it refuses

        to disclose and provide to Counterclaim Plaintiffs a copy of its Operating

        Agreement. Such failure and refusal is inconsistent with orders and directives of

        the Court made at the TRO Conference on November 21, 2014.

(B)     AMTAX Holdings 248, LLC, is an Ohio limited liability company but its principal

        place of business is unknown to the Counterclaim Plaintiffs as it refuses to disclose

        and provide to Counterclaim Plaintiffs a copy of its Operating Agreement.  Such

        failure and refusal is inconsistent with orders and directives of the Court made at

        the TRO Conference on November 21, 2014.

(C)     AMTAX Holdings 2001-UU, LLC, is an Ohio limited liability company, but its

        principal place of business is unknown to the Counterclaim Plaintiffs as it refuses

        to disclose and provide to Counterclaim Plaintiffs a copy of its Operating

33

Agreement.  Such failure and refusal is inconsistent with orders and directives of the Court made at the TRO Conference on November 21, 2014.

(D)     AMTAX Holdings 249, LLC, is an Ohio limited liability company, but its principal place of business is unknown to the Counterclaim Plaintiffs but its principal place of business is unknown to the Counterclaim Plaintiffs as it refuses to disclose and provide to Counterclaim Plaintiffs a copy of its Operating Agreement.  Such failure and refusal is inconsistent with orders and directives of the Court made at the TRO Conference on November 21, 2014.

(E)     AMTAX Holdings, 250, LLC, is an Ohio limited liability company, but its principal place of business is unknown to the Counterclaim Plaintiffs as it refuses to disclose and provide to Counterclaim Plaintiffs a copy of its Operating Agreement.  Such failure and refusal is inconsistent with orders and directives of the Court made at the TRO Conference on November 21, 2014.

Collectively the "AMTAX Entities".

## JOINDER OF ADDITIONAL DEFENDANTS IN COUNTERCLAIMS

### Jurisdiction and Venue

4.

This Court has jurisdiction over the joinder of certain required and/or permissive parties in these Counterclaims pursuant to 28 USC §1367(a) and Federal Rules of Civil Procedure 19 and 20.

### The Joined Counterclaim Defendants

5.

Joined as Additional Counterclaim Defendants are:

34

(A)     The Hunt Companies, Inc., a Texas corporation with its principal place of business in El Paso, Texas; and

(B)     Hunt Capital Partners, LLC, a Texas limited liability company with its principal place of business in El Paso, Texas.

Collectively "Hunt."

## Background Allegations

6.

The Low Income Housing Tax Credit (LIHTC) is a dollar-for-dollar tax credit created under the Tax Reform Act of 1986 to provide incentives for the utilization of private equity in the development of affordable housing aimed at low income Americans. The LIHTC provides funding for the development costs by allowing a taxpayer (usually a partnership that owns the housing) to take federal tax credits equal to a large percentage of the development cost of an affordable housing project. A LIHTC is obtained by a developer from a state housing agency through competition with other developers. The LIHTC is monetized through syndication to an investor, which makes a capital contribution to the partnership in exchange for being allocated the partnership's tax credits over a ten-year period.

7.

The Defendants, AMTAX Holdings 2001-VV, LLC,  AMTAX Holdings 248, LLC, AMTAX Holdings 2001-UU, LLC, AMTAX Holdings 249, LLC, and AMTAX Holdings, 250, LLC, (collectively, "AMTAX") were organized by a syndicator known as Paramount. Paramount organized groups of investors to invest in various LIHTC housing projects, and Paramount created limited liability companies to invest in lower tier limited partnerships with independent affordable

housing developers to develop low income house projects to which state agencies have already awarded LIHTCs.

8.

In consideration of its equity investment in the various Louisiana limited partnerships, the various Paramount organized AMTAX limited liability companies were allocated their percentage interest of the LIHTCs attributable to each partnership, which it then markets to its customers to use to offset their federal tax obligations. Under this business model, Paramount's profits are generated primarily by the spread between the price it pays for the LIHTCs and the price at which it can resell them to the investor members of each of the AMTAX entities it formed. Under its business model, Paramount also earns profits by making loans to the limited partnerships to finance the projects until construction is complete, at which time the loans are repaid using the AMTAX members' equity contribution.

9.

Counterclaim Plaintiffs are respectively the General Partners, and the AMTAX Entities are respectively the Investor Limited Partners, of each of the respective five LIHTC Louisiana limited partnerships ("the Partnerships").

10.

The Partnerships developed LIHTC properties from 2001 to 2004 for five development projects located in the State of Louisiana (collectively the "Developed Projects").

11.

This case involves the various relationships between the Counterclaim Plaintiffs, as general partners and/or Developers, and AMTAX, as investor limited partners, in connection with the development, management, and capitalization of the respective Developed Projects.

12.

Each of the Developed Projects is owned by one of the Partnerships, and each Partnership has/had a separate contract with a developer to serve as the project developer on the respective Developed Projects in exchange for certain fees.

13.

Upon completion of certain milestones, the developer(s) were to be paid a sum as developer fees often representing 10% to 15%. of the total development costs.

14.

The Partnerships developed the Developed Projects under the original syndicator, Paramount Financial Group ("Paramount").

15.

Paramount's interests were eventually acquired by GMAC and then GMAC's interests were acquired by Capmark Financial Group ("Capmark").

16.

Hunt acquired Capmark's "Tax Credit Business" in a bankruptcy auction in 2011 for approximately $110 million dollars where Hunt principally bought Special Limited Partner Interests in each of the Partnerships where those interests were approximately 0.001% of the total interests in each Partnership.

17.

Under the terms of each Partnership Agreement, Hunt acquired only a special limited partner interest in the Partnerships.

18.

Hunt also succeeded to the Paramount- GMAC-Capmark position as a non-member manager of the various AMTAX Entities where the so far undisclosed investor members had 100% of the interests in each of the AMTAX limited liability companies.

19.

Upon information and belief, unhappy with only a special limited partner interest, Hunt began using the AMTAX Entities to look for ways to manufacture defaults against certain Counterclaim Plaintiffs in connection with their respective Partnerships.

20.

In furtherance thereof, AMTAX, either in concert with Hunt or at the direction of Hunt, began taking certain illegal and unwarranted actions against Counterclaim Plaintiffs to remove certain Counterclaim Plaintiffs as general partners in each of the respective Partnerships, and terminating certain contracts with other Counterclaim Plaintiffs for management services, etc. on the respective Developed Projects.

21.

Certain of the Counterclaim Plaintiffs were then replaced as general partners in the respective Partnerships by entities either controlled by Hunt and/or chosen by Hunt.

22.

These actions caused great harm and damage to the removed Counterclaim Plaintiffs.

**ACTIONS CONCERNING AMES GARDENS ESTATES LIMITED PARTNERSHIP**

23.

Ames Gardens Estates Limited Partnership is the owner of certain parcels of land on which the improvements thereon are known as Ames Gardens Estates located in Marrero, Louisiana.

24.

Pursuant to the Third Amended and Restated Articles of Partnership for the Ames Gardens Estates Limited Partnership, (the "Ames Garden Partnership Agreement"), the partners were as follows:

- ■          Warren Homes, LLC – Fiscal Partner
- ■          Victor R. Loraso, Jr. – General Partner
- ■          Rene C. Crescionie, Sr. – General Partner
- ■          PROTECH 2002-A, LLC – Special Limited Partner
- ■          AMTAX Holdings 2001-VV, LLC – Investor Limited Partner

25.

Ames Gardens Estates Limited Partnership entered into a Management Agreement for Residential Property with Plaintiff, Summit Apartment Management Company, Inc., to manage the property known as Ames Gardens Estates located in Marrero, Louisiana.

26.

In August of 2014, Counterclaim Defendant, AMTAX Holdings 2001-VV, LLC, through its agent, illegally and improperly removed Counterclaim Plaintiffs, Warren Homes, LLC, Victor R. Loraso, Jr., and Rene C. Crescionie, Sr. as the General Partners of Ames Gardens Estates Limited Partnership.

27.

Furthermore, Counterclaim Defendant, AMTAX Holdings 2001-VV, LLC, through its agent, illegally and improperly terminated the Management Agreement for Residential Property with Counterclaim Plaintiff, Summit Apartment Management Company, Inc.

28.

In addition to there being no factual justification for the removal of Warren Homes, LLC, Victor R. Loraso, Jr., and Rene C. Crescionie, Sr. as General Partners, Counterclaim Defendant, AMTAX Holdings 2001-VV, LLC, also did not follow the proper procedural steps for removing Counterclaim Plaintiffs as General Partners.

29.

The removal notices to Warren Homes, LLC, Victor R. Loraso, Jr., and Rene C. Crescionie, Sr. were defective.

30.

Upon information and belief, Counterclaim Defendant, AMTAX Holdings 2001-VV, LLC, did not get prior consent from Enterprise Mortgage Investements, LLC, which is required to remove Warren Homes, LLC, Victor R. Loraso, Jr., and Rene C. Crecionie, Sr. as General Partners of Ames Gardens Estates Limited Partnership.

31.

Upon information and belief, Counterclaim Defendant, AMTAX Holdings 2001-VV, LLC, did not get prior consent from the Federal National Mortgage Association, ("Fannie Mae"), which is required to remove Warren Homes, LLC, Victor R. Loraso, Jr., and Rene C. Crecionie, Sr. as General Partners of Ames Gardens Estates Limited Partnership.

32.

Upon information and belief, Counterclaim Defendant, AMTAX Holdings 2001-VV, LLC, did not get prior consent from the Louisiana Housing Corporation, which is required to remove Warren Homes, LLC, Victor R. Loraso, Jr., and Rene C. Crecionie, Sr. as General Partners of Ames Gardens Estates Limited Partnership.

### ACTIONS CONCERNING CANARY HOMES LIMITED PARTNERSHIP

33.

Canary Homes Limited Partnership is the owner of certain parcels of land on which the improvements thereon are known as Canary Homes located in Louisiana.

34.

Pursuant to the Second Amended and Restated Articles of Partnership for the Canary Homes Limited Partnership, (the "Canary Homes Partnership Agreement"), the partners were as follows:

- Canary Homes, LLC – General Partner

- People's Community Subsidiary, Inc. – General Partner

- PROTECH 2002-A, LLC – Special Limited Partner

- AMTAX Holdings 248, LLC – Investor Limited Partner

35.

Canary Homes Limited Partnership entered into a Management Agreement for Residential Property with Counterclaim Plaintiff, Summit Apartment Management Company, Inc., to manage the property known as Canary Homes located in Louisiana.

36.

In August of 2014, Counterclaim Defendant, AMTAX Holdings 248, LLC, through its agent, illegally and improperly removed Counterclaim Plaintiff, Canary Homes, LLC, as a General Partner of Canary Homes Limited Partnership.  Counterclaim Defendant, AMTAX Holdings 248, LLC also illegally and improperly removed People's Community Subsidiary, Inc. as a General Partner of Canary Homes Limited Partnership.

37.

Furthermore, Counterclaim Defendant, AMTAX Holdings 248, LLC, through its agent, illegally and improperly terminated the Management Agreement for Residential Property with Counterclaim Plaintiff, Summit Apartment Management Company, Inc.

38.

In addition to there being no factual justification for the removal of Canary Homes, LLC or People's Community Subsidiary, Inc. as General Partners, Counterclaim Defendant, AMTAX Holdings 248, LLC, also did not follow the proper procedural steps for removing them as General Partners.

39.

The removal notices to Canary Homes, LLC and People's Community Subsidiary, Inc. were defective.

40.

Upon information and belief, Counterclaim Defendant, AMTAX Holdings 248, LLC, did not get prior consent from Enterprise Mortgage Investements, LLC, which is required to remove Canary Homes, LLC and People's Community Subsidiary, Inc. as General Partners of Canary Homes Limited Partnership.

41.

Upon information and belief, Counterclaim Defendant, AMTAX Holdings 248, LLC, did not get prior consent from the Federal National Mortgage Association, ("Fannie Mae"), which is required to remove Canary Homes, LLC and People's Community Subsidiary, Inc. as General Partners of Canary Homes Limited Partnership.

42.

Upon information and belief, Counterclaim Defendant, AMTAX Holdings 248, LLC, did not get prior consent from the Louisiana Housing Corporation, which is required to remove Canary Homes, LLC and People's Community Subsidiary, Inc. as General Partners of Canary Homes Limited Partnership.

**ACTIONS CONCERNING HNASKO AFFORDABLE HOMES, ALPIC**

43.

Hnasko Affordable Homes, ALPIC is the owner of certain parcels of land on which the improvements thereon are known as Hnasko Homes located in Marrero, Louisiana.

44.

Pursuant to its Amended and Restated Articles of Partnership for the Ames Gardens Estates Limited Partnership, (the "Ames Garden Partnership Agreement"), the partners were as follows:

- Hnasko Holding Company, Inc. – General Partner
- Jefferson Housing Foundation – General Partner
- PROTECH 2002-A, LLC – Special Limited Partner
- AMTAX Holdings 2001-UU, LLC – Investor Limited Partner

45.

Hnasko Affordable Homes, ALPIC entered into a Management Agreement for Residential Property with Counterclaim Plaintiff, Summit Apartment Management Company, Inc., to manage the property known as Hnasko Homes located in Marrero, Louisiana.

46.

In August of 2014, Counterclaim Defendant, AMTAX Holdings 2001-UU, LLC, through its agent, illegally and improperly removed Counterclaim Plaintiff, Hnasko Holding Company,

Inc. as a General Partner of Hnasko Affordable Homes, ALPIC.  Defendant, AMTAX Holdings 2001-UU, LLC, also improperly removed Jefferson Housing Foundation as a General Partner of Hnasko Affordable Homes, ALPIC.

47.

Furthermore, Counterclaim Defendant, AMTAX Holdings 2001-UU, LLC, through its agent, illegally and improperly terminated the Management Agreement for Residential Property with Counterclaim Plaintiff, Summit Apartment Management Company, Inc.

48.

In addition to there being no factual justification for the removal of Hnasko Holding Company, Inc. or  Jefferson Housing Foundation  as General Partners, Counterclaim Defendant, AMTAX Holdings 2001-UU, LLC, also did not follow the proper procedural steps for removing Counterclaim Plaintiffs as General Partners.

49.

The removal notices to Hnasko Holding Company, Inc. and/or Jefferson Housing Foundation were defective.

50.

Upon information and belief, Counterclaim Defendant, AMTAX Holdings 2001-UU, LLC, did not get prior consent from Enterprise Mortgage Investments, LLC, which is required to remove Hnasko Holding Company, Inc. or Jefferson Housing Foundation as General Partners of Hnasko Affordable Homes, ALPIC.

51.

Upon information and belief, Counterclaim Defendant, AMTAX Holdings 2001-UU, LLC, did not get prior consent from the Federal National Mortgage Association, ("Fannie Mae"), which

is required to remove Hnasko Holding Company, Inc. or Jefferson Housing Foundation as General Partners of Hnasko Affordable Homes, ALPIC.

52.

Upon information and belief, Counterclaim Defendant, AMTAX Holdings 2001-VV, LLC, did not get prior consent from the Louisiana Housing Corporation, which is required to remove Hnasko Holding Company, Inc. or Jefferson Housing Foundation as General Partners of Hnasko Affordable Homes, ALPIC.

**ACTIONS CONCERNING ROBIN HOMES LIMITED PARTNERSHIP**

53.

Robin Homes Limited Partnership is the owner of certain parcels of land on which the improvements thereon are known as Robin Homes located in Marrero, Louisiana.

54.

Pursuant to the Second Amended and Restated Articles of Partnership for the Robin Homes Limited Partnership, (the "Robin Homes Partnership Agreement"), the partners were as follows:

- Robin Homes, LLC – General Partner

- People's Community Subsidiary, Inc. – General Partner

- PROTECH 2003-A, LLC – Special Limited Partner

- AMTAX Holdings 249, LLC – Investor Limited Partner

55.

Robin Homes Limited Partnership entered into a Management Agreement for Residential Property with Counterclaim Plaintiff, Summit Apartment Management Company, Inc., to manage the property known as Robin Homes located in Marrero, Louisiana.

45

56.

In August of 2014, Counterclaim Defendant, AMTAX Holdings 249, LLC, through its agent, illegally and improperly removed Counterclaim Plaintiff, Robin Homes, LLC, as a General Partner of Robin Homes Limited Partnership.  Counterclaim Defendant, AMTAX Holdings 249, LLC also illegally and improperly removed People's Community Subsidiary, Inc. as a General Partner of Robin Homes Limited Partnership.

57.

Furthermore, Counterclaim Defendant, AMTAX Holdings 249, LLC, through its agent, illegally and improperly terminated the Management Agreement for Residential Property with Counterclaim Plaintiff, Summit Apartment Management Company, Inc.

58.

In addition to there being no factual justification for the removal of Robin Homes, LLC or People's Community Subsidiary, Inc. as General Partners, Counterclaim Defendant, AMTAX Holdings 249, LLC, also did not follow the proper procedural steps for removing them as General Partners.

59.

The removal notices to Robin Homes, LLC and People's Community Subsidiary, Inc. were defective.

60.

Upon information and belief, Counterclaim Defendant, AMTAX Holdings 249, LLC, did not get prior consent from Enterprise Mortgage Investements, LLC, which is required to remove Robin Homes, LLC and People's Community Subsidiary, Inc. as General Partners of Robin Homes Limited Partnership.

61.

Upon information and belief, Counterclaim Defendant, AMTAX Holdings 249, LLC, did not get prior consent from the Federal National Mortgage Association, ("Fannie Mae"), which is required to remove Robin Homes, LLC and People's Community Subsidiary, Inc. as General Partners of Robin Homes Limited Partnership.

62.

Upon information and belief, Counterclaim Defendant, AMTAX Holdings 249, LLC, did not get prior consent from the Louisiana Housing Corporation, which is required to remove Robin Homes, LLC and People's Community Subsidiary, Inc. as General Partners of Robin Homes Limited Partnership.

**ACTIONS CONCERNING SMITH SQUARE DEVELOPMENT LIMITED PARTNERSHIP**

63.

Smith Square Development Limited Partnership is the owner of certain parcels of land on which the improvements thereon are known as Robin Homes located in Louisiana.

64.

Pursuant to the Second Amended and Restated Articles of Partnership for the Robin Homes Limited Partnership, (the "Robin Homes Partnership Agreement"), the partners were as follows:

- Smith Square, LLC – General Partner

- Mirabeau Family Learning Center, Inc. – General Partner

- PROTECH 2003-A, LLC – Special Limited Partner

- AMTAX Holdings 250, LLC – Investor Limited Partner

65.

Smith Square Development Limited Partnership entered into a Management Agreement for Residential Property with Plaintiff, Summit Apartment Management Company, Inc., to manage the property known as Smith Square located in Louisiana.

66.

In August of 2014, Counterclaim Defendant, AMTAX Holdings 250, LLC, through its agent, illegally and improperly removed Plaintiff, Smith Square, LLC, as a General Partner of Smith Square Development Limited Partnership.  Counterclaim Defendant, AMTAX Holdings 250, LLC also illegally and improperly removed Mirabeau Family Learning Center, Inc. as a General Partner of Smith Square Development Limited Partnership.

67.

Furthermore, Counterclaim Defendant, AMTAX Holdings 250, LLC, through its agent, illegally and improperly terminated the Management Agreement for Residential Property with Counterclaim Plaintiff, Summit Apartment Management Company, Inc.

68.

In addition to there being no factual justification for the removal of Smith Square, LLC or Mirabeau Family Learning Center, Inc. as General Partners, Counterclaim Defendant, AMTAX Holdings 250, LLC, also did not follow the proper procedural steps for removing them as General Partners.

69.

The removal notices to Smith Square, LLC and/or Mirabeau Family Learning Center, Inc. were defective.

70.

Upon information and belief, Counterclaim Defendant, AMTAX Holdings 250, LLC, did not get prior consent from Enterprise Mortgage Investments, LLC, which is required to remove Smith Square, LLC or Mirabeau Family Learning Center, Inc. as General Partners of Smith Square Development Limited Partnership.

71.

Upon information and belief, Counterclaim Defendant, AMTAX Holdings 250, LLC, did not get prior consent from the Federal National Mortgage Association, ("Fannie Mae"), which is required to remove Smith Square, LLC or Mirabeau Family Learning Center, Inc. as General Partners of Smith Square Development Limited Partnership.

72.

Upon information and belief, Counterclaim Defendant, AMTAX Holdings 250, LLC, did not get prior consent from the Louisiana Housing Corporation, which is required to remove Smith Square, LLC or Mirabeau Family Learning Center, Inc. as General Partners of Smith Square Development Limited Partnership.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION: BREACH OF FIDUCIARY DUTY

73.

Counterclaim Plaintiffs, Warren Homes, LLC, Victor S. Loraso, Jr., Rene C. Crescione, Sr., Canary Homes, LLC, Hnasko Holding Company, Inc., Robin Homes, LLC, Smith Square, LLC, V. Ray Rose, Summit Apartment Management Company, Inc., and Michael R. Peralta (collectively, the "Counterclaim Plaintiffs") re-allege and incorporate by reference all preceding allegations in this Counterclaim.

74.

Counterclaim Defendants, AMTAX Holdings 2001-VV, LLC, AMTAX Holdings 248, LLC, AMTAX Holdings 2001-UU, LLC, AMTAX Holdings 249, LLC, and AMTAX Holdings 250, LLC, (collectively, the "Counterclaim Defendants") breached their fiduciary duty owed to Counterclaim Plaintiffs and Ames Gardens Estates Limited Partnership, Canary Homes Limited Partnership, Hnasko Affordable Homes , ALPIC, Robin Homes Limited Partnership, and  Smith Square Development Limited Partnership, (the "Limited Partnerships"), pursuant to Louisiana Civil Code Articles 2809 and 2836.

75.

The Counterclaim Defendants breached their fiduciary duties by, among other things: (a) illegally and improperly removing the General Partners in the Limited Partnerships; (b) illegally and improperly usurping control over the Limited Partnerships to their own benefit and to the detriment of Plaintiffs and the Limited Partnerships; and (c) mismanaging the Limited Partnerships to their own benefit and to the detriment of Counterclaim Plaintiffs and the Limited Partnerships.

76.

Hunt conspired with, enticed, and/or directed Counterclaim Defendants to breach their fiduciary duty to Counterclaim Plaintiffs.

77.

The Counterclaim Defendants and Hunt are liable for all losses incurred by the Counterclaim Plaintiffs and the Limited Partnerships as a result of the breaches of fiduciary duty, and to account for all resulting benefits realized by the Counterclaim Defendants.

**SECOND CAUSE OF ACTION: BAD FAITH BREACH OF CONTRACT**

78.

Counterclaim Plaintiffs, re-allege and incorporate by reference all preceding allegations in this Counterclaim.

79.

Counterclaim Defendants intentionally and maliciously breached in bad faith their obligations to Counterclaim Plaintiffs under the applicable Partnership Agreements and Management Agreements.

80.

The Counterclaim Defendants breached their obligations under the applicable Partnership Agreements and Management Agreements in bad faith by, among other things: (a) illegally and improperly removing the General Partners in the Limited Partnerships; (b) illegally and improperly usurping control over the Limited Partnerships to their own benefit and to the detriment of Plaintiffs and the Limited Partnerships; (c) mismanaging the Limited Partnerships to their own benefit and to the detriment of Plaintiffs and the Limited Partnerships; (d) failing and/or refusing to pay any and all fees due, including but not limited to Developers Fees and any accrued sums due to Counterclaim Plaintiffs; and (e) failure to completely capitalize the Limited Partnerships.

81.

Hunt conspired with, enticed, and/or directed Counterclaim Defendants to breach their obligations under the applicable Partnership Agreements.

82.

As a result of the Counterclaim Defendants bad faith breach of their obligations under the applicable Partnership Agreements, Counterclaim Defendants and Hunt are liable to Counterclaim

Plaintiffs for all of their pecuniary and nonpecuniary damages, whether foreseeable or not, pursuant to Louisiana Civil Code article 1944, *et seq.*

### THIRD CAUSE OF ACTION: FRAUDULENT AND/OR NEGLIGENT MISREPRESENTATION

83.

The Counterclaim Plaintiffs re-allege and incorporate by reference all preceding allegations in this Counterclaim.

84.

The Counterclaim Defendants committed fraudulent and/or negligent misrepresentation by, among other things: (a) removing the General Partners from the various Limited Partnerships, which was an implicit representation that they had gotten all necessary prior consents, when they knew they did not get prior consent from Enterprise Mortgage Investments, LLC; (b) removing the General Partners from the various Limited Partnerships, which was an implicit representation that they had gotten all necessary prior consents, when they knew they did not get prior consent from Fannie Mae; and (c) removing the General Partners from the various Limited Partnerships, which was an implicit representation that they had gotten all necessary prior consents, when they knew they did not get prior consent from the Louisiana Housing Corporation.

85.

Hunt conspired with, enticed, and/or directed Counterclaim Defendants to fraudulently and/or negligently misrepresent certain facts as articulated above.

86.

The Counterclaim Defendants and Hunt are liable under Louisiana Civil Code articles 1953 and/or 2315 for damages caused by their actions.

**FOURTH CAUSE OF ACTION: DETRIMENTAL RELIANCE**

87.

The Counterclaim Plaintiffs re-allege and incorporate by reference all preceding allegations in this Counterclaim.

88.

The Counterclaim Defendants represented through their conduct and words that they would act in the best interest of the Limited Partnerships and Counterclaim Plaintiffs, and would not engage in self-dealing or other misconduct in relation to the Limited Partnerships' business.

89.

Hunt conspired with, enticed, and/or directed Counterclaim Defendants to engage in self-dealing and/or other misconduct in related to the Limited Partnerships' business.

90.

The Counterclaim Plaintiffs justifiably relied on these representations to their detriment. Accordingly, the Counterclaim Defendants and Hunt are liable to Counterclaim Plaintiffs for all resulting damages pursuant to Louisiana Civil Code article 1967.

**FIFTH CAUSE OF ACTION: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS**

91.

The Counterclaim Plaintiffs re-allege and incorporate by reference all preceding allegations in this Counterclaim.

92.

The Counterclaim Defendants intentionally and maliciously interfered with the Limited Partnerships' rights under the partnership and Management Agreements, and acted in a manner that they knew would be detrimental to Plaintiffs.

93.

Hunt conspired with, enticed, and/or directed Counterclaim Defendants to intentionally and maliciously interfere with the Limited Partnerships' rights under the Partnership and Management Agreements.

94.

Additionally, Hunt intentionally and maliciously interfered with Counterclaim Plaintiffs agreement and rights under the Partnership Agreement with Counterclaim Defendants.

95.

As a result, Counterclaim Defendants and Hunt are liable to Counterclaim Plaintiffs for all resulting damages.

**SIXTH CAUSE OF ACTION: UNFAIR TRADE PRACTICES**

96.

The Counterclaim Plaintiffs re-allege and incorporate by reference all preceding allegations in this Counterclaim.

97.

The actions of the Counterclaim Defendants and Hunt constitute unfair trade methods of competition and unfair or deceptive acts in the conduct of a trade or commerce, resulting in economic loss to the Counterclaim Plaintiffs.

54

98.

Accordingly, the Counterclaim Defendants and Hunt are liable to the Counterclaim Plaintiffs for all resulting damages, including treble damages pursuant to La.R.S. §51:1405(A).

### SEVENTH CAUSE OF ACTION: NEGLIGENCE

99.

The Counterclaim Plaintiffs re-allege and incorporate by reference all preceding allegations in this Counterclaim.

100.

The Counterclaim Defendants owed duties to the Counterclaim Plaintiffs to conduct themselves in a manner that would not cause harm to the Counterclaim Plaintiffs.

101.

The aforementioned actions show that the Counterclaim Defendants violated their duty, causing injury to the Counterclaim Plaintiffs, and Counterclaim Defendants are liable to Counterclaim Plaintiffs for all resulting damages.

102.

Hunt conspired with, enticed, and/or directed Counterclaim Defendants to violate their duties to Counterclaim Plaintiffs, and are thus liable to Counterclaim Plaintiffs for damages.

### EIGHTH CAUSE OF ACTION: VIOLATION OF LOUISIANA PARTNERSHIP LAWS

103.

The Counterclaim Plaintiffs re-allege and incorporate by reference all preceding allegations in this Counterclaim.

104.

The actions of the Counterclaim Defendants constitute violations of Louisiana Civil Code articles 2837 and 2842, thereby causing injury to the Counterclaim Plaintiffs.

105.

Hunt conspired with, enticed, and/or directed Counterclaim Defendants to act in violation of Louisiana Civil Code articles 2837 and 2842.

106.

Accordingly, the Counterclaim Defendants and Hunt are liable to the Counterclaim Plaintiffs for all resulting damages.

**NINTH CAUSE OF ACTION: EQUITABLE ESTOPPEL**

107.

The Counterclaim Plaintiffs re-allege and incorporate by reference all preceding allegations in this Counterclaim.

108.

Due to the numerous actions and misrepresentations of the Counterclaim Defendants, as well as their acceptance of benefits arising from the conduct of Counterclaim Plaintiffs, they should be equitably estopped from asserting that the Counterclaim Plaintiffs materially breached any of the Partnership Agreements.

**TENTH CAUSE OF ACTION: CONSPIRACY**

109.

The Counterclaim Plaintiffs re-allege and incorporate by reference all preceding allegations in this Counterclaim.

110.

Hunt conspired with, enticed, and/or directed Counterclaim Defendants to take each and every action as articulated throughout these counterclaims.

111.

As a result, Counterclaim Defendants and Hunt are liable to Counterclaim Plaintiffs for all damages incurred by Counterclaim Defendants as result of all acts in furtherance of the conspiracy.

**SOLIDARY LIABILITY**

112.

The Counterclaim Defendants and Hunt are liable in solido for the damages suffered by the Counterclaim Plaintiffs, pursuant to Louisiana Civil Code article 2324.

**VICARIOUS LIABILITY**

113.

Each Counterclaim Defendant and Hunt is vicariously liable for the actions of the other defendants for the damages suffered by the Counterclaim Plaintiffs pursuant to Louisiana Civil Code article 2320.

**ATTORNEYS FEES**

114.

Counterclaim Plaintiffs are entitled to recover their attorney's fees and costs in this case because of the Counterclaim Defendants bad faith breaches and unconscionable conduct, as well as Hunts actions.

**DECLARATORY RELIEF**

115.

The Counterclaim Plaintiffs re-allege and incorporate by reference all preceding allegations in this Counterclaim.

116.

Counterclaim Plaintiffs were never in breach of any of the respective Partnership Agreements.

117.

However, for the foregoing reasons, Counterclaim Defendants were in breach of the respective Partnership Agreements.

118.

Based on the terms of the Partnership Agreements, and the facts as alleged, and pursuant to 28 U.S.C. §2201, et seq., Counterclaim Plaintiffs are entitled to a declaration that the Counterclaim Plaintiffs were not properly removed as General Partners of the respective Limited Partnerships.

**JURY TRIAL DEMAND**

119.

Counterclaim Plaintiffs demand a trial by jury on all issues triable by a jury.

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendants/Counterclaim Plaintiffs, Warren Homes, LLC, Victor S. Loraso, Jr., Rene C. Crescione, Sr., Canary Homes, LLC, Hnasko Holding Company, Inc., Robin Homes, LLC, Smith Square, LLC, V. Ray Rose, Summit Apartment Management Company, Inc.,

and Michael R. Peralta, pray that there be judgment in their favor against Plaintiffs/Counterclaim Defendants dismissing their Complaint at their costs.

Furthermore, assuming the position of Counterclaim Plaintiffs, Warren Homes, LLC, Victor S. Loraso, Jr., Rene C. Crescione, Sr., Canary Homes, LLC, Hnasko Holding Company, Inc., Robin Homes, LLC, Smith Square, LLC, V. Ray Rose, Summit Apartment Management Company, Inc., and Michael R. Peralta further pray that:

(1)     Additional Counterclaim Defendants, The Hunt Companies, Inc., and Hunt Capital Partners, LLC, be served a summons and these Counterclaims, and be required to respond to the claims within the delays allowed by law;

(2)     all General Partners be re-instated back as General Partners in their respective Limited Partnerships;

(3)     a declaratory judgment be rendered holding that the Defendants/Counterclaim Plaintiffs were improperly removed under the respective Partnership Agreements;

(4)     Counterclaim Plaintiffs be awarded all of the damages they incurred as a result of the Counterclaim Defendants' misconduct, including but not limited to Developer fees that accrued prior to and after termination, as well as such other fees and/or sums to which they may be entitled;

(5)     Counterclaim Plaintiffs be awarded their attorneys fees and costs incurred in the investigation and prosecution of this matter;

(6)     Counterclaim Plaintiffs be awarded all damages allowed under Louisiana law, including pre- and post-judgment interest;

(7)    a ruling be made that the Counterclaim Defendants are equitably estopped from asserting that Counterclaim Plaintiffs breached any of the respective Partnership Agreements;

(8)    Counterclaim Plaintiffs be awarded such other relief as to which they may be entitled under law or equity as will be shown at trial; and;

(9)    for all other relief to which the Counterclaim Plaintiffs may be entitled.

Respectfully submitted,

  _s/ DeWayne L. Williams_
WILLIAM D. AARON, JR. (LSBA #2267)T.A.
DEWAYNE L. WILLIAMS (LSBA # 27685)
ANNA A. RAINER (LSBA #31531)
**AARON & GIANNA, PLC**
201 St. Charles Avenue, Suite 3800
New Orleans, Louisiana 70170
Telephone:  (504) 569-1800
Facsimile: (504) 569-1801
E-mail: waaron@aaronfirm.com
dwilliams@aaronfirm.com

## <u>CERTIFICATE OF SERVICE</u>

In accordance with the Eastern District of Louisiana's electronic filing procedures, I hereby certify that, on this 11th day of December, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. A Notice of Electronic Filing will be sent by the Court to all counsel of record who have consented to email notification and electronic service. This document is available for viewing and downloading from the Court's ECF system.

    s/ DeWayne L. Williams
DeWAYNE L. WILLIAMS
La. Bar Roll No. 27685
Attorney for Defendants/Counterclaim Plaintiffs
Aaron & Gianna, PLC
201 St. Charles Ave., Suite 3800
New Orleans, LA 70170
Telephone:  (504) 569-1800
Facsimile:  (504) 569-1801
dwilliams@aaronfirm.com