UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AMTAX HOLDINGS 2001-VV, LLC        CIVIL ACTION

VERSUS                              NO. 14-2652-KDE-SS

WARREN HOMES, LLC

## ORDER

DEFENDANTS' MOTIONS TO QUASH SUBPOENAS (Rec. docs. 28, 29, 30 and 32).

**DENIED**

DEFENDANTS' MOTIONS TO QUASH SUBPOENA TO MISSISSIPPI RIVER BANK (Rec. doc. 31)

**DISMISSED AS MOOT**

Defendants, Warren Homes, LLC, Victor S. Loraso, Jr., Rene C. Crescione, Sr., Canary Homes, LLC, Hnasko Holding Company, Inc., Robin Homes, LLC, Smith Square, LLC, V. Ray Rose, Summit Apartment Management Company, Inc., and Michael R. Peralta (collectively "Defendants"), filed motions to quash subpoenas duces tecum to: (1) Little & Associates, LLC (Rec. doc. 28); (2) Warren Construction Company, Inc. (Rec. doc. 29); (3) St. Louis Pointe Development, LLC (Rec. doc. 30); (4) Mississippi River Bank (Rec. doc. 31); and (5) St. Louis Pointe, LLC (Rec. doc. 32). Plaintiffs, AMTAX Holdings 2001-VV, LLC, AMTAX Holdings 248, LLC, AMTAX Holdings 2001-UU, LLC, AMTAX Holdings 249, LLC, and AMTAX Holdings 250, LLC (collectively "Plaintiffs"), caused the issuance of the subpoenas. They opposed the motions to quash. Rec. docs. 35-37.

BACKGROUND

On November 20, 2014, Plaintiffs filed a complaint for damages and injunctive relief. Rec. doc. 1.  Plaintiffs allege that:  (1) they owned 99.99% of the interests of certain limited real estate partnerships; (2) Defendants had nominal ownership interests and developed and managed the real estate partnerships; (3) audits of the partnerships revealed that Defendants commingled funds and made unauthorized advances in violation of the partnership agreements; (4) Plaintiffs sent Defendants Notices of Default; and (5) although Plaintiffs terminated Defendants' management of the real estate partnerships, Defendants refused to cooperate.  Rec. doc. 1.  Plaintiffs sought a temporary restraining order which was granted in part.  Rec. docs. 2 and 17.  Defendants filed an answer and counterclaim.  Rec. doc.26.

Plaintiffs issued the subpoenas to third parties.  Defendants moved to quash them. Plaintiffs contend that Defendants cannot demonstrate a personal right or privilege in the documents sought in the subpoenas, so they cannot move to quash them.  It is assumed that Defendants have standing to challenge the subpoenas.  The subpoenas will be considered on their merits in three groups:  (1) subpoena to Little & Associates, LLC ("Little"); (2) subpoenas to St. Louis Pointe, LLC, St. Louis Pointe Development, LLC, and Warren Construction; and (3) Mississippi River Bank.

SUBPOENA TO LITTLE

Little, an accounting firm, conducted annual audits of the real estate partnerships.  The subpoena seeks financial records and communications pertaining to the partnerships.  Defendants contend that Plaintiffs complaint turns on whether they were entitled to remove Defendants as general partners and terminate the management contracts.  Defendants argue that the only relevant information is the information available to Plaintiffs at the time of Defendants' removal.

2

Discovery into information not known by Plaintiffs at the time of removal is not relevant and not likely to lead to discovery of admissible evidence. Defendants' describe Plaintiffs' subpoenas to Little and the others as "fishing expeditions."

Plaintiffs contend that (1) in addition to the defaults on which Plaintiffs based the removal of Defendants, Plaintiffs learned of additional defaults by Defendant's general partners after the initial default notices; (2) Defendants' removal of the of partnerships' books and records on November 18, 2014 constitutes a subsequent event of default; and (3) Defendants' counterclaim alleges breach of fiduciary duty, bad faith breach of contract and detrimental reliance. Plaintiffs argue that the Little subpoena seeks documents relevant to the alleged subsequent defaults and Defendants' counterclaims. Rec. doc. 35.

Plaintiffs' allegations concerning Robin Homes are typical. Rec. doc. 1 at 23-28. Through an audit, AMTAX Holdings 249, LLC, one of the Plaintiffs, discovered violations of the partnership agreements in that Robin Homes, LLC, one of the Defendants, made unapproved loans or advances of the partnership's funds. Para. 81. Robin Homes, LLC admitted it breached the partnership agreement. Para. 85. Employees of Summit, a Defendant, removed the records of the partnership and denied AMTAX Holdings 249 access to them. Para. 86. Plaintiffs make less specific allegations of additional defaults of commingled insurance risks and partnership assets, liens against partnership properties, use of partnership assets to pay non-partnership debts and transfers of money among the partnerships. Para. 105.

Defendants deny the allegations. For example, with respect to Robin Homes, Defendants deny that the allegation that Robin Homes, LLC admitted it breached the partnership agreement. Rec. doc. 26 at Para. 85. The allegations concerning loans or advances are denied except to admit that certain advances or loans may have been made for the benefit of the partnership in

3

compliance with the custom and practice of the partnership.  Id. at paras. 81 and 82.  The allegations of subsequent defaults are denied.  Id. at paras. 105-08.  Among the affirmative defenses are waiver, ratification and estoppel.  Id. (third affirmative defense).

With respect Robin Homes Limited Partnership, the counterclaim alleges that one of the Plaintiffs illegally and improperly removed the general partner and terminated the management agreement with one of the Defendants.  Rec. doc. 26 at 46.  The counterclaim alleges causes of action for breach of fiduciary duty, bad faith breach of contract, fraudulent and negligent misrepresentation, detrimental reliance, unfair trade practices, negligence, violation of Louisiana partnership laws, equitable estoppel and conspiracy.  Rec. doc. 46 at 49-57.

The parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.  Fed R. Civ. P. 26 (b)(1).  "(T)he determination whether such information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action."  Fed. Rule Civ. P. 26(b)(1) Advisory Committee's Note, 2000 amendments.  Under Fed. R. Civ. P. 26(b)(1) the court must focus on the claims and defenses involved in the action.  Id.  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

The accounting firm's financial records and communications pertaining to the partnerships are relevant to the allegations and claims in the parties' complaint, answer and counterclaim.  The scope of relevant discovery is not as limited as urged by Defendants.  The motion to quash the subpoena served on Little is denied.

## SUBPOENA TO WARREN/ST. LOUIS

Plaintiffs served subpoenas on three entities: (1) Warren Construction, Inc., (2) St. Louis Pointe Development, LLC; and (3) St. Louis Pointe, LLC (collectively "Warren/St. Louis"). The subpoenas seek the same information: (a) communications between Warren/St. Louis and the partnerships, the Rose entities, Summit, Louisiana Affordable Housing Complexes ("LAHC"); (b) documents relating to services performed for these entities (other than LAHC); and communications with the entities relating to the litigation.

Plaintiffs state:

> (Warren/St. Louis) . . . have performed services for or entered transactions with the partnerships and/or some of the Defendants. As the Defendants admit, Defendant V. Ray Rose is the owner of those third party companies. Given that Mr. Rose was intimately involved in the management of the partnerships, the interactions of (Warren/St. Louis) . . . with the partnerships and the Defendants is directly relevant to the allegations of mismanagement, self-dealing, and breach of fiduciary duty made by both parties in this litigation. . . . (A)ny transactions or dealings of the partnerships and the Defendants with (Warren/St. Louis) is relevant) because any such transactions or dealings would necessarily pertain to the management of the partnerships.

Rec. doc. 36 at 5.

In support of the motions to quash the subpoenas to Warren/St. Louis, Defendants make substantially the same arguments as made in support of the motion to quash the subpoena to Little. Given the relationship between V. Ray Rose and Warren/St. Louis and the allegations of the parties, the discovery sought from Warren/St. Louis is relevant. The motions to quash the subpoenas served on Warren/St. Louis are denied.

## SUBPOENA TO MISSISSIPPI STATE BANK

Plaintiffs report that the subpoena was served on Mississippi State Bank. In response, the Bank produced documents. Defendants' motion to quash subpoena to Mississippi State Bank is denied as moot.

IT IS ORDERED that: (1) Defendants' motions to quash the subpoenas duces tecum to Little & Associates, LLC, Warren Construction Company, Inc., St. Louis Pointe Development, LLC, and St. Louis Pointe, LLC (Rec. docs. 28, 29, 30 and 32) are DENIED; and (2) Defendant's motion to quash subpoena duces tecum to Mississippi River Bank (Rec. doc. 31) is DISMISSED as MOOT.

New Orleans, Louisiana, this 14th day of January, 2015.

_____
**SALLY SHUSHAN
U.S. Magistrate Judge**