UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**AMTAX HOLDINGS 2001-VV, LLC, et al**  **CIVIL ACTION**

**VERSUS**  **NO. 14-2652-KDE-SS**

**WARREN HOMES, LLC, et al**

## ORDER

PLAINTIFF'S MEMORANDM IN SUPPORT OF MOTION FOR CONTEMPT AND SANCTIONS (Rec. doc. 167)

**GRANTED IN PART AND DENIED IN PART**

PROCEDURAL BACKGROUND

On November 30, 2014, plaintiffs, AMTAX Holdings 2001-VV, LLC, AMTAX Holdings 248, LLC, AMTAX Holdings 2001-UU, LLC, AMTAX Holdings 249, LLC, and AMTAX Holdings 250, LLC (collectively "Plaintiffs"), filed a complaint for damages and injunctive relief. Rec. doc. 1. Defendants are Warren Homes, LLC, Victor S. Loraso, Jr., Rene C. Crescione, Sr., Canary Homes, LLC, Hnasko Holding Company, Inc., Robin Homes, LLC, Smith Square, LLC, V. Ray Rose, Summit Apartment Management Company, Inc., and Michael R. Peralta (collectively "Defendants").

Plaintiffs allege that: (1) they owned 99.99% of the interests of certain limited real estate partnerships; (2) Defendants had nominal ownership interests and developed and managed the real estate partnerships; (3) audits of the partnerships revealed that Defendants commingled funds and made unauthorized advances in violation of the partnership agreements; (4) Plaintiffs sent Defendants Notices of Default; and (5) although Plaintiffs terminated Defendants' management of the real estate partnerships, Defendants refused to cooperate. Rec. doc. 1.

Plaintiffs' application for a temporary restraining order was granted. Rec. doc. 17. On March 13, 2015, the TRO was maintained in effect until the trial on the merits. Rec. doc. 124. The trial with a jury was set for July 27, 2015. Rec. doc. 125. It was continued. It will be reset for a date no later than October 5, 2015. Rec. doc. 169.

Plaintiffs filed a motion to hold defendants, Michael Peralta and Summit Management Company, Inc., and their legal advisor and consultant, Harold Berk, in contempt of the TRO. Rec. doc. 39. The issue concerned the negotiation of a check for $15,000 from a Partnership bank account on November 25, 2014. The motion was denied on the ground that the alleged violations, at most, were only technical violations. Rec. doc. 78.

On January 15, 2015, a two tier protective order was entered to facilitate the exchange of confidential information ("Protective Order"). The order was signed by Mr. Berk. Rec. doc. 52.

On January 14, 2015, Defendants' motions to quash Plaintiffs' subpoenas were denied as to an accounting firm and service providers and dismissed as moot as to a bank. Rec. doc. 47.

On January 30, 2015, it was determined that: (1) Defendants' communications with Mr. Berk preceding his November 23, 2014, engagement were privileged; and (2) Defendants were required to produce: (a) documents reflecting communications among themselves and with third parties; (b) partnership records; and (c) the backup documentation for Summit Apartment Management. Defendants' motion to require Plaintiffs to identify investors in the partnerships was denied. Rec. doc. 77.

An issue arose over Plaintiffs' redaction of certain documents. On February 13, 2015, the unredacted documents were ordered to be produced subject to the Protective Order's provisions for highly confidential information. Rec. doc. 88. On March 6, 2015, Defendants' request to reconsider the order requiring that documents to be treated as highly confidential was

denied. Defendants' motion to compel Plaintiffs to produce representatives to testify in New Orleans on Rule 30(b)(6) deposition topics was granted as to some topics and denied as to others. Rec. doc. 110.

### PROTECTIVE ORDER

The Protective Order governs the use of all designated information or documents produced during the course of discovery by any person.

> All Discovery Materials furnished by any person shall be used solely for the purpose of this proceeding and for no other purpose. Nothing herein shall preclude any party in the other litigation from seeking the Discovery Materials in other litigation nor shall it preclude use of the same Discovery Materials obtained in other litigation.

Rec. doc. 52 at 2. Discovery Materials designated as "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" may be disclosed only to the Court, parties, counsel of record, outside experts, witness being deposed, court reports and "Harold R. Berk, who has been retained by the defendants as a legal advisor and consultant and who is being made party to this Protective Order." Id. at 2-3. Discovery Materials designed as "HIGHLY CONFIDENTIAL" may be disclosed only to attorneys enrolled as counsel of record in this litigation. Id. at 3-4. Provision was made for objections to the designation of documents as Confidential or Highly Confidential. Pending resolution of the disputes over the designations, "the document at issue will maintain the designation." Id. at 3 and 4.

> Any person having knowledge or possession of any confidential materials obtained through discovery in this litigation shall not disclose such material, its contents or any portion or summary thereof to any person, except as otherwise permitted by this Protective Order.

Id. at 5. The protective order contains a specific provision pertaining to Mr. Berk.

>By being made a party to this Protective Order, Harold R. Berk, submits himself to the jurisdiction of this Court solely for purposes related to the Discovery Materials, including for purposes of enforcing this Order.  Further, Harold R. Berk expressly agrees and understands that any documents or information provided to him that are designated "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL" shall not be disclosed to anyone or used for any purpose whatsoever other than this litigation and, upon completion of use, shall be promptly returned to counsel who provided the confidential or restricted documents or information to him.

Id. at 7.  At its conclusion, the order provides that, "[n]othing contained in this Protective Order shall preclude any party from moving at any time for modification of any provision of this Protective Order."  Id. at 9.  The order was entered on January 15, 2015.  It is signed by counsel for Plaintiffs, counsel for Defendants and Mr. Berk.  Id. at 10-11.

PENNSYLVANIA LITIGATION

In 2014, Mr. Berk and Orion Partners V, LLC ("Orion") filed an action in state court in Pennsylvania against Thomas A. Clare, Clare Locke, LLP, Alison Wadle, HCP Pacific Asset Management, LLC, Hunt Companies, Inc., Steve F. Griffith, Jr., Baker Donelson, Bearman, Caldwell & Berkowitz, P.C. and Hunt Capital Partners, LLC ("HCP").  Rec. doc. 86 (Exhibit 5).  The defendants in the Pennsylvania action filed a motion to dismiss and urged that Mr. Berk and Orion were not entitled to any discovery in the Pennsylvania action until a determination of the motion to dismiss.  Rec. doc. 167 (Exhibit 2 – 5/22/15 email from Mr. Pittinsky to Mr. Berk).

On May 21, 2015, Mr. Berk emailed Mr. Pittinsky and asked if he, his related counsel or his clients had any objection to Mr. Berk producing to the Pennsylvania court for its review excerpts of the Asset Management Agreement of HCP.  Rec. doc. 167 (Exhibit 2 – 5/21/15 email from Mr. Berk to Mr. Pittinsky).

A redacted copy of the HCP Asset Management Agreement was produced by Plaintiffs in this action (CA 14-2652) and designed as "Confidential".  As noted above an issue arose over Plaintiffs' redaction of certain documents, including the HCP Asset Management Agreement.

On February 13, 2015, the unredacted documents were ordered to be produced subject to the Protective Order's provisions for highly confidential information. Rec. doc. 88. Inasmuch as Mr. Berk is not counsel of record in CA 14-2652, he was denied access to the unredacted HCP Asset Management Agreement.

On May 22, 2015, Mr. Pittinsky responded to Mr. Berk's question whether there was any objection to his presenting the redacted HCP Asset Management Agreement to the Pennsylvania court. Mr. Pittinsky replied that, "[w]e cannot and will not agree to your request." Rec. doc. 167 (Exhibit 2 – 5/22/15 email from Mr. Pittinsky to Mr. Berk).

Three and a half weeks later on Monday, June 15, 2015, Mr. Berk filed in the Pennsylvania litigation a memorandum in opposition to the motion to dismiss and attached the redacted HCP Asset Management Agreement as Exhibit D. Rec. doc. 167 (Exhibit 3 at 14).

On June 18, 2015, Mr. Griffith demanded that Mr. Berk withdraw the filing as a violation of the Protective Order. Rec. doc. 167 (Exhibit 4). On June 19, 2015, Mr. Berk responded that because Mr. Griffith's counsel made false statement to the Pennsylvania court, "your attorney forced me to respond by providing the Court with the actual information produced in order to correct the record." Rec. doc. 167 (Exhibit 5).

## ANALYSIS

Plaintiffs contend that Mr. Berk knowingly violated the Protective Order when he filed the redacted HCP Asset Management Agreement with the Pennsylvania court. They urge that he should be held in contempt and sanctions should be imposed. They contend that Mr. Berk's purported justification is without merit.

Mr. Berk responds that: (1) the Protective Order permitted him to seek production of documents in other litigation that Plaintiffs in CA 14-2652 marked as confidential; (2) the

redacted HCP Asset Management Agreement did not qualify as a confidential document under the Protective Order; (3) he had the right to respond fully to the motion to dismiss in the Pennsylvania litigation; (4) he knew the basic organization of the Hunt entities from prior representation of other parties; (5) there is no subject matter jurisdiction in CA 14-2652; and (6) Plaintiffs' motion for contempt and sanctions is frivolous.

Mr. Berk contends that the Protective Order did not prevent him from seeking documents in the Pennsylvania litigation which had been produced in CA 14-2652 and marked as Confidential or Highly Confidential. That is correct. The Protective Order permitted a party to seek the Discovery Materials in other litigation. Rec. doc. 52 at 2.

Mr. Berk argues that Plaintiffs seek to hold him in contempt for doing what the Protective Order permitted him to do. That is incorrect. The Protective Order provides that Discovery Materials "shall be used solely for the purpose of this proceeding and for no other purpose." Mr. Berk violated the terms of the Protective Order when he used a document designated as Confidential in CA 14-2652 in the Pennsylvania litigation. The defendants' argument in the Pennsylvania litigation that Mr. Berk was not entitled to any discovery until a ruling on their motion to dismiss did not provide a basis for Mr. Berk to violate the Protective Order and use the redacted HCP Asset Management Agreement in the Pennsylvania litigation.

Mr. Berk's argument that the redacted HCP Asset Management Agreement does not qualify as a confidential document under the Protective Order is not timely. The Protective Order provides that within ten days of the receipt of a document designated as Confidential, the party receiving the document may object in writing to the designation. If the parties cannot resolve the objection, it is presented to the Court. Rec. doc. 52 at 3. Pending resolution of the objection, the document maintains its designation as Confidential. Mr. Berk did not object to the

designation of the redacted HCP Asset Management Agreement within ten days of his receipt of the document.  Even if his belated objection could be construed as timely, the document was confidential at the time of the violation of the Protective Order.

Mr. Berk urges that he had the right to respond fully to the motion to dismiss.  This argument has no merit.  Mr. Berk was notified on May 22, 2015 that counsel for defendants in the Pennsylvania litigation and the defendants in that litigation refused his request to file the redacted HCP Asset Management Agreement.  They argued that Mr. Berk was bound by the Protective Order.  Even if they were willing to waive the requirements of the Protective Order, they contended that it was necessary for Mr. Berk to obtain court-approved revision of the Protective Order.  Three and a half weeks later, Mr. Berk filed his opposition to the motion to dismiss and attached the redacted HCP Asset Management Agreement as an exhibit.  From May 22, 2015 until June 15, 2015, there was nothing preventing Mr. Berk from moving to modify the Protective Order to permit use of the redacted HCP Asset Management Agreement in the Pennsylvania litigation.  Mr. Berk was required to seek modification of the Protective Order before he could file the redacted HCP Asset Management Agreement in the Pennsylvania litigation.

Assuming Mr. Berk knew the basic organization of the Hunt entities from prior representation of other parties, such knowledge did not authorize him to use the redacted HCP Asset Management Agreement in the Pennsylvania litigation.

Mr. Berk contends that the Court lacks subject matter jurisdiction to enforce the Protective Order.  The issue of subject matter jurisdiction is before the District Judge.  On June 25, 2012, Defendants moved to dismiss CA 14-2652 for lack of jurisdiction over the subject

matter. Rec. doc. 173. More importantly and dispositively here, Mr. Berk submitted to the jurisdiction of this Court when he became a party to the Protective Order.

RELIEF

Mr. Berk violated the Protective Order when he attached the redacted HCP Asset Management agreement to the opposition to the motion to dismiss in the Pennsylvania litigation. He was on notice from Plaintiffs that this proposed action was a violation of the Protective Order. Mr. Berk had ample opportunity to seek modification of the Protective Order from the Court. Accordingly;

**Within fourteen calendar days of the entry of this order**, Mr. Berk shall:

1. Turn over to Plaintiffs all physical records and delete all electronic records designated as Confidential. Mr. Berk shall not have any access to Discovery Materials in CA 14-2652 designated as Confidential. To that extent the Protective Order is hereby modified.

2. File a motion in the Pennsylvania litigation to withdraw Exhibit D from his opposition to the motion to dismiss.

3. Provide a sworn certification that he has turned over all Confidential records in his possession. This certification shall be filed in CA 14-2652.

4. Pay to plaintiffs the sum of $1,000 for his intentional violation of the Protective Order and to reimburse the cost of having to litigate this issue.

Plaintiffs' request for a deposition of Mr. Berk in New Orleans and the payment fees and costs is denied.

IT IS ORDERED that plaintiffs' motion for contempt and sanctions (Rec. doc. 174) is GRANTED in PART and DENIED in PART as provided herein.

New Orleans, Louisiana, this 6th day of July, 2015.

_____
**SALLY SHUSHAN**
**U.S. Magistrate Judge**