UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMTAX HOLDINGS 2001-VV, LLC, ET AL. | CIVIL ACTION |
| VERSUS | NO. 14-2652 |
| WARREN HOMES, LLC, ET AL. | SECTION "N" (1) |

**ORDER AND REASONS**

Presently before the Court are certain motions filed by the parties. See Rec. Docs. 173, 210, 211-3, and 83. The Court addresses each herein.

**I.      Defendants' Motions to Dismiss** (Rec. Docs. 173, 210 and 211-3).

Each of these motions seek dismissal for lack of original diversity of citizenship jurisdiction. Relative to these motions, the authorities cited in the parties' memoranda include *Whalen v. Carter*, 954 F.2d 1087 (5th Cir. 1992), which recognizes the general proposition that a partnership that has not been dissolved or liquidated is itself, rather than its partners, the proper party to maintain an action for damages owed to the partnership. As recognized in *Dupuis v. Becnel*, 535 So. 2d 375, 378 (La. 1988), however, Louisiana law allows one partner to sue another partner for breach of the fiduciary duty owed to the partnership and its partners even if the partnership has not previously dissolved. The same is true relative to suits premised upon fraud or other tort. *Id*. at 377.

1

In this action, Plaintiffs AMTAX Holdings 2001-VV, LLC, AMTAX Holdings 248, LLC, AMTAX Holdings 2001-UU, LLC, AMTAX Holdings 249, LLC, and AMTAX Holdings 250, LLC (hereinafter, "Plaintiffs'" or "the AMTAX Entities") have asserted claims against Defendants Michael Peralta and Summit Management Company, Inc., who are third parties relative to the partnership agreements in dispute. Considering the foregoing authorities, Plaintiffs are to promptly submit a short memorandum addressing their standing, if any, relative to the claims against these non-partner defendants and the resulting impact, if any, on this Court's diversity jurisdiction. Plaintiffs' memorandum should also address Defendants' assertion that Plaintiffs' requests for injunctive relief are irrelevant to the pertinent jurisdictional amount in controversy because the five limited partnerships dissolved by operation of law upon Plaintiffs' removal of the general partners. See Rec. Doc. 211-4, at pp. 12-14. Following receipt and consideration of Plaintiffs' supplemental memorandum, the Court will rule upon these motions to dismiss.

## II.    Plaintiffs' Motion for Partial Summary Judgment (Rec. Doc. 83)

Having carefully considered the parties' voluminous submissions and applicable law, the Court finds, on the showing made, that Plaintiffs' motion seeking partial summary judgment regarding their claim for declaratory relief relative to the propriety of the removal of the former general partners to the five Louisiana limited partnerships – Ames Gardens Estates Limited Partnership ("Ames"), Canary Homes, L.P. ("Canary"), Hnasko Affordable Homes, ALPIC ("Hnasko"), Robin Homes, L.P. ("Robin"), and Smith Square Development Limited Partnership ("Smith Square") (hereinafter, collectively, the "Partnerships" – is **DENIED IN PART** and **GRANTED IN PART**.[1] Specifically, regarding Ames, the Court finds that a triable dispute to exist

---

[1] This ruling is, of course, contingent upon the Court concluding that the above-mentioned motions to dismiss, urging an absence of subject matter jurisdiction, lack merit. Given the impending trial date, and the nature of the relief requested in the remainder of the motions

relative to whether the $20,000 and $2,300 advances at issues truly were bookkeeping errors or, instead, were uncured violations of Section 7 of the partnership agreement justifying removal under Section 4.5 (A)(iv) of that agreement.[2]  Accordingly, the motion is denied relative to Ames. With respect to Canary, Hnasko, Robin, and Smith, however, the Court, for essentially the reasons stated in their memoranda (Rec. Docs. 83-1 and 128-1), finds Plaintiffs to have borne their burden, under Rule 56 of the Federal Rules of Civil Procedure, whereas the Defendants have not.  Rather, Defendants' contentions regarding these four partnerships primarily rely on allegations regarding an absence of contractual authority for which they have offered no factual or legal support.

New Orleans, Louisiana, this 16th day of September 2015.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

**Clerk to Copy:**
Assigned Magistrate Judge

---

addressed herein, the Court has chosen to not delay its rulings until a final determination is made regarding jurisdiction.

[2]     Because Plaintiffs' motion was submitted prior to Plaintiffs' "First Supplemental and Amending Complaint" (Rec. Doc. 153) being filed, and addresses only the allegations of wrongdoing set forth in the Original Complaint (Rec. Doc. 1), this ruling does not determine whether removal of the Ames general partners was warranted based on any of the alleged violations set forth therein.