UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMTAX HOLDINGS 2001-VV, LLC, ET AL. | CIVIL ACTION |
| VERSUS | NO. 14-2652 |
| WARREN HOMES, LLC, ET AL. | SECTION "N" (1) |

### ORDER AND REASONS

Presently before the Court are four motions filed by Plaintiffs, Counterclaim Defendants, and/or Defendant Victor S. Loraso, Jr. ("Loraso"). See Rec. Docs. 84, 85, 173, and 220.[1] The Court rules on each as stated herein.

**I.      Defendant Laraso's Motions to Dismiss (Rec. Doc. 173 and 220)**

Plaintiffs allege that the necessary subject matter jurisdiction over this dispute is provided by the federal diversity statute, 28 U.S.C. §1332, which grants to federal courts original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332. As construed by the United States Supreme Court, §1332 requires "complete diversity" of citizenship such that diversity jurisdiction is not present if one of the plaintiffs shares the same state citizenship as one of the defendants. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806).

---

[1] Plaintiffs are AMTAX Holdings 2001-VV, LLC, AMTAX Holdings 248, LLC, AMTAX Holdings 2001-UU, LLC, AMTAX Holdings 249, LLC, and AMTAX Holdings 250, LLC (hereinafter, "Plaintiffs'" or "the AMTAX Entities"). The Counterclaim Defendants are Hunt Companies, Inc., and Hunt Capital Partners, LLC (collectively, "Counterclaim Defendants" or "Hunt"). Mr. Loraso is the only remaining defendant. All of the other defendants have reached a settlement of all claims with Plaintiffs. See Rec. Docs. 258, 259, and 262.

Loraso's motions to dismiss, filed pursuant to Rule 12(b)(1), 12(b)(6), and 12(b)(7) of the Federal Rules of Civil Procedure, contend, as an initial matter, that diversity of citizenhsip subject matter jurisdiction is absent.  Specifically,  Loraso maintains that Plaintiffs' claims do not exceed $75,000, and that the limited partnerships involved herein[2] are indispensable parties to the instant action such that Plaintiffs' claims cannot be adjudicated in their absence. And, because the limited partnerships and Loraso share Louisiana citizenship, adding the limited partnerships as parties deprives this Court of subject matter jurisdiction.  Loraso additionally contends that Plaintiffs'  claims warrant dismissal because Plaintiffs' allegations relative to them "fail to state a claim upon which relief can be granted", i.e. a legally cognizable claim.  See Fed. R. Civ. P. 12(b)(6).

Having carefully considered the parties' submissions, the record in this matter, and applicable law, **IT IS ORDERED** that Loraso's motions to dismiss (Rec. Docs. 173 and 220)  are **DENIED**.  As urged by Plaintiffs, their claims seeking declaratory and injunctive relief exceed $75,000 in value.  Further, although the scope of Plaintiffs' claims initially was arguably unclear, Plaintiffs' later submissions clarify and confirm that they *do not* seek derivative relief herein for claims belonging to the limited partnerships.[3]  Specifically, Plaintiffs affirmatively represent:

> Essentially, the AMTAX Entities have made claims to vindicate **their** exclusive rights under the Partnership Agreements, to recover  **thei**r fees and distributions that the Defendants' conduct deprived them of, and to recover **their** interest in monies that the Defendants' stole from the Partnerships. The AMTAX Entities have not sought relief or vindication with respect to any rights of the Partnerships.

---

[2]    The Louisiana limited partnerships are Ames Garden Estates Limited Partnership, Canary Homes, L.P., Hnasko Affordable Homes, ALPIC, Robin Homes, L.P., and Smith Square Development Limited Partnerships (hereinafter, the "limited partnerships").

[3]    Nor have any of the limited partnerships sought to intervene.

See Plaintiffs' sur-reply, Rec. Doc. 234, p. 3 (emphasis in original).

Given this affirmative limitation on the relief that is sought, and may be granted herein, relative to Plaintiffs' claims, the Court is satisfied that the limited partnerships are not indispensable parties to this litigation such that diversity of citizenship jurisdiction remains intact. Of course, should later proceedings in this matter reveal that Plaintiffs have expanded their claims to include those seeking relief properly sought by and awarded to the limited partnerships, the question of jurisdiction shall again be considered upon motion by Loraso or *sua sponte*. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94–95 (1998); Fed. R. Civ. P. 12(h)(2) (failure to join person required by Rule 19(b) may be raised at trial); Fed R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Equal Emp't Opportunity Comm'n v. Agro Distrib*., LLC, 555 F.3d 462, 467 (5th Cir. 2009) (even if not raised by a party, court must consider subject matter jurisdiction *sua sponte*).

As stated above, Loraso's first motion (Rec. Doc. 173) also seeks dismissal, pursuant to Rule 12(b)(6), on additional grounds. Specifically, Loraso contends that the additional defaults set forth in Plaintiffs' amended complaint (Rec. Doc. 153), which was filed on May 2015, cannot justify Loraso's prior removal, in November 2014, as general partner of the Ames Garden Estates Limited Partnership. The Court finds the motion to lack merit for essentially the reasons stated by Plaintiffs in their opposition memorandum. See Rec. Doc. 176, pp.19 of 23 - 21 of 23.

**II.     Plaintiffs' and Counterclaim Defendants' Motions to Dismiss  (Rec. Docs. 84 and 85)**

Plaintiffs' and Counterclaim Defendants' motions to dismiss (Rec. Docs. 84 and 85) are filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes motions asserting, as a defense, that a pleading "fail[s] to state a claim upon which relief can be

granted." See Fed. R. Civ. P. 12(b)(6).  Pertinent to this inquiry, where the well-pleaded facts of a complaint or, in this instance, a counterclaim, do not permit a court to infer more than the mere possibility of misconduct, the pleading has alleged – but it has not 'show[n]' – "that the pleader is entitled to relief"' as required.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting Fed. Rule Civ. P. 8(a)(2)).  Thus, the allegations "must make relief plausible, not merely conceivable, when taken as true."  *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009);  see also *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact).").

Although a complaint or counterclaim does not need "detailed factual allegations, . . . more than labels and conclusions are necessary, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (internal citations and quotations omitted); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Similarly, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986);  *see also Iqbal,* 556 U.S. at 678 ("tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of  'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557);  *see also Christopher v. Harbury*, 536 U.S. 403, 416 (2002) (elements of a plaintiff's claim(s) "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant").  Rather, the requisite facial plausibility exists when the factual content plead allows the court to draw the *reasonable* inference that the defendant is

4

liable for the misconduct alleged." *Id.* (emphasis added).  Applying the foregoing principles to the allegations of Loraso's counterclaim, **IT IS ORDERED** that the Plaintiffs' and Counterclaim Defendants' motions to dismiss are **GRANTED** for essentially the reasons set forth in the memoranda submitted in support of their motions (Rec. Docs. 84-2, 85-2, 141, and 142).  In short, Loraso's allegations do not contain sufficient factual information for the Court to draw a reasonable inference of actionable wrongdoing by Plaintiffs and Counterclaim Defendants.

    New Orleans, Louisiana, this 24th day of September 2015.

                                          **KURT D. ENGELHARDT**
                                          **United States District Judge**