UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

AMTAX HOLDINGS 2001-VV, LLC, ET AL.                    CIVIL ACTION

VERSUS                                                 NO. 14-2652

WARREN HOMES, LLC, ET AL.                              SECTION "N" (1)

## ORDER AND REASONS

Presently before the Court are motions filed by Plaintiff AMTAX Holdings 2001-VV, LLC and by Defendant Victor S. Loraso, Jr. ("Loraso"). See Rec. Docs. 268 and 276. Because Loraso's "Motion for Reconsideration" (Rec. Doc. 276) is directed, in part, to the Court's September 24, 2015 rulings (Rec. Doc. 263) regarding subject matter jurisdiction, the Court addresses it first.

Federal courts are courts of limited jurisdiction. See, e.g., *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001). Thus, a federal district court "must presume that a suit lies outside [its] jurisdiction." *Id.* Further, the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* A lack of subject matter jurisdiction may be raised by a party, or by the Court, *sua sponte*, at any time during the course of a proceeding. Fed. R. Civ. P. 12(h)(3); *In re Canion*, 196 F.3d 579, 585 (5th Cir.1999); *Odeco Oil and Gas Co. v. Bonnette*, 4 F.3d 401, 403 n.2 (5th Cir. 1993).

Plaintiff here maintains that the necessary subject matter jurisdiction over this dispute is provided by the federal diversity statute, 28 U.S.C. §1332, which grants federal courts original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states.  28 U.S.C. § 1332.  As construed by the United States Supreme Court,

§1332 requires "complete diversity" of citizenship such that diversity jurisdiction is not present if one of the plaintiffs shares the same state citizenship as one of the defendants. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806).

In seeking reconsideration of the Court's September 24, 2015 rulings, Defendant Loraso again contends that Plaintiff's claims do not exceed $75,000, and, moreover, that the remaining limited partnership, Ames Garden Estates Limited Partnership, is an indispensable party to the action such that Plaintiff's claims cannot be adjudicated in its absence. And, argues Loraso, because he and the partnership share Louisiana citizenship, adding it as a party destroys this Court's subject matter jurisdiction.[1]

The Court previously denied Loraso's motion to dismiss regarding this jurisdictional issue based on a determination that "although the scope of Plaintiffs' claims initially was arguably unclear, Plaintiffs' later submissions clarify and confirm that they *do not* seek derivative relief herein for claims belonging to the limited partnerships." See September 24, 2015 Order and Reasons (Rec. Doc. 264).[2] Recognizing its ongoing duty relative to subject matter jurisdiction, however, the Court added: "Of course, should later proceedings in this matter reveal that Plaintiffs have expanded their claims to include those seeking relief properly sought by and awarded to the limited partnerships, the question of jurisdiction shall again be considered upon motion by Loraso or *sua sponte*." *See*

---

[1]    All parties to this matter except Plaintiff AMTAX Holdings 2001-VV, LLC and Defendant Loraso have reached a settlement of their claims.  See Rec. Docs. 258, 259, and 262.

[2]    The Court quoted Plaintiffs' sur-reply (Rec. Doc. 234, p. 3) (emphasis in original) as affirmatively representing:

> Essentially, the AMTAX Entities have made claims to vindicate **their** exclusive rights under the Partnership Agreements, to recover **their** fees and distributions that the Defendants' conduct deprived them of, and to recover **their** interest in monies that the Defendants' stole from the Partnerships. The AMTAX Entities have not sought relief or vindication with respect to any rights of the Partnerships.

*Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 - 95 (1998); Fed. R. Civ. P. 12(h)(2) (failure to join person required by Rule 19(b) may be raised at trial); Fed R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Equal Emp't Opportunity Comm'n v. Agro Distrib*., LLC, 555 F.3d 462, 467 (5th Cir. 2009)) (even if not raised by a party, court must consider subject matter jurisdiction *sua sponte*).

Having carefully reviewed *all* of the remaining parties' numerous submissions, including the memoranda regarding reconsideration and Plaintiff's recent proposed motion for partial summary judgment (Rec. Docs. 268-3, 274, 276, 280 and 283), the Court is convinced that Loraso's motion for reconsideration should be granted relative to subject matter jurisdiction. Specifically, the Court is now persuaded that Ames Garden Estates Limited Partnership is an indispensible party with respect to at least certain of Plaintiff's remaining claims such that its inclusion as a non-diverse party to this proceeding precludes the Court from exercising original diversity subject matter jurisdiction herein.

In reaching this conclusion, the Court finds certain language from *Whalen v. Carter,* 954 F.2d 1087, 1096-97 (5th Cir. 1992) instructive:

> In the instant case, Whalen's citizenship is diverse from the citizenship of every defendant except PHC & Associates [the partnership]. Thus, if PHC & Associates is not an indispensable party, the district court erred in refusing to exercise subject matter jurisdiction over Whalen's state law claims. Conversely, if PHC & Associates is an indispensable party, then the district court did not err in dismissing the state law claims for want of diversity jurisdiction. Under the facts of this case, we conclude that PHC & Associates is indeed an indispensable party.
>
> Under Federal Rule of Civil Procedure 19(b), a party is regarded as "indispensable" if a court cannot proceed without the party "in equity and good conscience." Fed. R. Civ. P. 9(b). Rule 19(b) offers four factors that a court can consider in determining whether a party is indispensable: (1) to what extent a judgment rendered in the party's absence might be prejudicial to that party or

others in the lawsuit; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the party's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the party cannot be joined. *Id.* These factors are not rigid tests, but rather are guides to the overarching "equity and good conscience" determination. *Wichita and Affiliated Tribes of Oklahoma v. Hodel*, 788 F.2d 765, 774 (D.C. Cir. 1986). "Pragmatic and equitable considerations control the Rule 19(b) analysis." *Lone Star Indus., Inc. v. Redwine*, 757 F.2d 1544, 1552 (5th Cir.1985).

When applied in the instant case, the balance of the four Rule 19(b) factors indicates that the district court cannot resolve Whalen's state law claims in equity and good conscience without the joinder of PHC & Associates. Under Louisiana law, the legal rights of a partnership in commendam are distinct from the rights of its partners. See La. Code Civ. Proc. Ann. art. 688 (West 1960 & Supp. 1991). Although a limited partner in a Louisiana partnership in commendam can in some cases bring a suit in his individual capacity to recover for the loss of partnership assets, see *Dupuis* [*v. The Becnel Co.,* 535 So.2d 375, 377 (La. 1988)], the basis for such a suit rests in the injury to the corporation, not the indirect injury to the partner. Thus, as an entity, a partnership in commendam has a strong interest in insuring that it can protect against the depletion of its assets and, where necessary, in recovering those assets after they have been depleted. See La. Code Civ. Proc. Ann. art. 737 (West 1960 & Supp.1991) (requiring the joinder of the partnership in all suits involving partnership obligations); see also *Harrison v. Frye,* 46 So.2d 382, 383 (La. App. 1950) (the partnership "is the proper party defendant against whom all actions to impose rights against the partnership must be brought").[3]  The absence of PHC & Associates from the instant action would prejudice its ability to protect this interest. Protective provisions in the judgment or other forms of shaped relief

---

[3]

While the indispensability of a party is a question of federal law, a federal court can look to state law to determine the relative interest that the party has in the litigation. *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 124 n. 22, 88 S.Ct. 733, 746 n. 22, 19 L. Ed.2d 936 (1968); *Buckley,* 923 F.2d at 98; *Lone Star Indus., Inc*., 757 F.2d at 1548 n. 3. Accordingly, we will look to Louisiana law to determine the interest that PHC & Associates has in this case.

4

would be unlikely to lessen or avoid the prejudice. *Cf. Buckley*, 923 F.2d at 98 (limited partnership is indispensable party where the injury that forms the basis of the suit is directly suffered by the partnership and only indirectly suffered by the partners).

We recognize that plaintiff Whalen might not be able to obtain an adequate remedy in an alternate forum if his state law claims are dismissed in federal court for want of subject matter jurisdiction – the applicable limitations period probably has expired since the institution of his lawsuit in federal court. *Cf. Virginia Elec. & Power Co. v. Westinghouse Elec. Corp*., 485 F.2d 78, 86 n. 22 (4th Cir.1973) (remedy may be inadequate if statute of limitations would bar commencement of suit in another forum), *cert. denied*, 415 U.S. 935 (1974). Under the circumstances of this case, though, we are unable to conclude that the possibility Whalen might not obtain an adequate remedy outweighs the interest of the partnership in asserting and protecting its legal rights.[4]   PHC & Associates is an indispensable party to this litigation, and its presence in the litigation destroys complete diversity.

In the instant matter, Section 4.5(A)(iv) of the Ames partnership agreement[5] authorizes the Investor Limited Partner to remove any or all of the General Partners under certain circumstances. Significantly, however, Plaintiff's claims are not limited to the question of Loraso's removal.  Nor are Plaintiff's damage claims limited to individual rights held by it, separate and apart from the partnership itself, such as a partner's right of access to partnership record or Plaintiff's alleged right to be named as an additional insured on all insurance policies required by the Partnership Agreement. If the relief sought by Plaintiff were so limited, the result herein might be different.

---

[4]

We might be more reluctant to reach this conclusion if it were absolutely clear that plaintiff Whalen cannot assert his state law claims in federal court. But as we recognize *supra*, while the diversity statute does not support the exercise of subject matter jurisdiction over Whalen's state law claims, the district court might be able to assert supplemental jurisdiction over these claims.

[5]   See Ames Gardens Estates Limited Partnership Agreement (Third Amended and Restated Articles of Partnership in Commendam, Dated Effective as of May 15, 2002) (Rec. Doc. 83-4, pp. 23-24)

To the contrary, however, Plaintiff additionally seeks awards of damages for breaches of the partnership agreement and breaches of fiduciary duty that are premised upon injuries suffered *directly* by the Ames partnership and only *indirectly* by Plaintiff as a limited partner.  For instance, Plaintiff maintains that Loraso, the managing general partner, misappropriated and was improperly advanced "Ames Gardens' funds."   See Rec. Doc. 268-3, p. 5;   see also First Supplemental and Amending Complaint ("Amended Complaint"), ¶ II (Rec. Doc. 153, pp. 2-5).  Given the separate legal existence granted partnerships by Louisiana law, "Ames Gardens funds" belong to the limited partnership, not Plaintiff, even though Plaintiff also may have suffered an investment loss and consequential damages by virtue of the partnership's injury.

The same is true with respect to Plaintiff's claims asserted regarding Loraso's failure to ensure that *partnership* property received necessary repairs and was not stripped from one unit for the use of another such that certain *partnership* property was rendered unusable (absent the incurrence of restoration costs).  See Amending Complaint, Rec. Doc. 153, pp. 2-15 (emphasis added).  Yet other examples are Loraso's alleged failure, as general partner, to "maintain adequate Operating Reserve accounts for the Partnerships" and his failure to maintain files required for applicants who were rejected and/or otherwise not provided housing at the partnership's properties. *Id.*

As argued by Plaintiff, Louisiana law grants a limited partner a private right of action to proceed against another partner for the limited partner's own benefit, and not merely derivatively, in a representative capacity for the benefit of the partnership, prior to the partnership's dissolution.  See *Dupuis v. The Becnel Co.*, 535 So. 2d 375 (La. 1988).  Nevertheless, the partner's individual right to proceed does not deprive the limited partnership itself of its own right of action relative to

6

injuries suffered to it.  Rather, as recognized in *Whalen*, the partnership's right to proceed must be protected.  Furthermore, Defendant Loraso should not be required to risk exposure to double or inconsistent obligations concerning the injury at issue simply by virtue of the partnership's absence from the instant proceeding.[6]  Finally, in any event, Plaintiff, who bears the burden of establishing the Court's subject matter jurisdiction, has not sufficiently demonstrated that alternative measures can be taken to avoid either such negative consequence.

Given the foregoing, as the Fifth Circuit did in *Whalen*, this Court finds the Ames limited partnership to be an indispensable party to this litigation such that complete diversity is absent.  Accordingly, **IT IS ORDERED** that Defendant Loraso's motion for reconsideration (Rec. Doc. 276) is **GRANTED** relative to the issue of subject matter jurisdiction.  **IT IS FURTHER ORDERED** that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

---

[6]     The parties and the Court have previously noted that the limited partnership itself has thus far not sought to intervene in this action.  It is not evident to the Court, however, that the current general partner does not intend to seek relief in the future.  Indeed, Plaintiff's submissions reference that possibility a number of times. Furthermore, it has not been made evident to the Court that the current general partner,  is in a position, as a practical matter, to make an independent determination, i.e. without regard to Plaintiff's interests, relative to whether intervention should be sought by the limited partnership.

Given that Plaintiff's claims have been dismissed without prejudice for lack of subject matter jurisdiction, upon Defendant Loraso's motion, **IT IS FURTHER ORDERED** that Loraso's remaining breach of contract counterclaim is likewise **DISMISSED WITHOUT PREJUDICE**.[7]

New Orleans, Louisiana, this 9th day of November 2015.

**KURT D. ENGELHARDT**
**United States District Judge**

---

[7]     Following the Court's September 24, 2015 Order and Reasons, Loraso's only remaining counterclaim was his breach of contract counterclaim.  The continued existence of that particular counterclaim, however,  was also placed at issue by Loraso's motion for reconsideration. See Rec. Doc. 276-1, pp. 10-25.  The Court, however, finds that (belatedly raised) aspect of the motion for reconsideration moot for the following reasons.

Specifically, Plaintiff's motion to dismiss and supporting memorandum indicate that the motion to dismiss did not include that claim. Indeed, the motion to dismiss states, "[T]he General Partner Defendants have at least pled facts sufficient to state a breach of contract claim against each AMTAX Entity with which it has contractual privity pursuant to the applicable Partnership Agreement. So, this Motion to Dismiss does not address those breach of contract claims." See Rec. Doc. 84, p. 2.  The supporting memorandum similarly provides, "[E]ach General Partner has at least pled facts sufficient to make a breach of contract claim against the AMTAX Entity with whom it has an agreement.  So this Motion to Dismiss does not address those claims." See Rec. Doc. 84-2, p. 3. Given those express limitations, set forth in the Amtax plaintiffs' motion and memorandum, the Court's granting that motion "for essentially the reasons set forth in the memoranda submitted in support of [Plaintiffs and Counterclaim Defendants' motions," likewise did not impact that particular counterclaim.  Unfortunately, the parties  failed to promptly seek any necessary clarification of the scope of the September 24, 2015 Order and Reaons, from the undersigned, the presiding judge, in accordance with the undersigned's law clerk's instructions (see Rec. Doc. 276-1), and instead improperly presented the issue to the Magistrate Judge (who did not issue the September 24, 2015 Order and Reasons)  by means of a (properly denied) motion to amend that served only to delay the progress of this matter.